## MARY BONARDELLI *v.* LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.
Argued October 4—decided November 6, 1940.

*Samuel Rosenthal* and *Charles L. Brooks,* for the appellant (plaintiff).

*Francis A. Pallotti,* attorney general, and *Frank J. Di Sesa,* assistant attorney general, for the appellee (defendant).

PER CURIAM. The complaint in this appeal from the liquor control commission alleged that the plaintiff, who had a restaurant beer permit, was cited to appear before the commission on November 20, 1939, to show cause why her permit should not be revoked; that her attorney on or about November 17, 1939, requested, in writing, a continuance of the hearing until December 18, 1939, because he would be confined in a hospital for the purpose of undergoing an operation, so that he could not appear on the day set; that the commission, without any notice to the plaintiff's counsel that the hearing would be had, proceeded with it and revoked the permit on the ground that the plaintiff sold alcoholic liquor before the permitted hours on Sunday, in violation of § 1074c of the 1935 Cumulative Supplement to the General Statutes; and that the commission acted arbitrarily, unreasonably and unjustly in not granting a continuance and in proceeding with the hearing. The commission in its answer admitted the facts as alleged concerning the citation of the plaintiff to appear before it and the request for continuance but denied that it made an order revoking the plaintiff's permit on the day of the hearing, and that it had acted improperly. To this answer was attached, as an exhibit, a transcript of the proceedings before the commission. From this transcript, which is not questioned, it appears that the order made by the commission as a result of the hearing on November 20th was that the right to use the permit was revoked "pending a continued hearing on December 18th on a question of reopening," and the finding of the trial

court that the commission on that day revoked the permit must be modified to accord with the transcript, which as an exhibit annexed to the answer became a part of the defendant's pleading. *Morehouse* v. *Employers' Liability Assurance Corp.*, 119 Conn. 416, 421, 177 Atl. 568.

The finding states that on January 15, 1940, the commission held a hearing on the question of reopening the plaintiff's case, at which the plaintiff and her husband appeared and testified, and that at the conclusion of the hearing the commission "allowed the revocation to remain in full force and effect." The transcript of the proceedings before the commission includes those at the later hearing on January 15, 1940, and it appears therein that the commission stated at the opening of the hearing that it was for the purpose of presenting additional evidence and that it was the understanding that the proceedings of November 20th would be a part of the hearing then beginning; and to this plaintiff's counsel agreed. At the second hearing, the plaintiff and her husband testified and he stated that beer had been served to certain persons before the permitted hour on the Sunday in question, but claimed that it was given to them as a favor instead of being sold. The statute forbids the sale or consumption or the presence in glasses or other receptacles suitable for the consumption, of liquor before noon on Sunday. It thus appears that the plaintiff's husband admitted a violation of the law, and no testimony contradicted this. Even if there were technical defects in the proceedings of the commission, it is obvious that if we found error and directed that the case be sent back to it for rehearing, the plaintiff's permit would be revoked just as it has now been. "We do not sit to try moot cases. Having now all the facts before

us, we are not required to rule upon what would be the result of some of them if standing alone." *Mechanics Bank* v. *Woodward*, 74 Conn. 689, 691, 51 Atl. 1084.

There is no error.