## Thomas L. Cheney, Trustee, et al. v. Russell F. Strasburger et al.

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued November 14, 1974—decision released March 18, 1975

*Benson A. Snaider,* for the appellants (plaintiffs).
*Robert H. Hall,* for the appellees (defendants).

LOISELLE, J. This action was brought seeking an injunction to restrain the town of Newtown, the board of selectmen, and the board of education from acquiring the plaintiffs' property by eminent domain for school purposes. State Referee Frank Covello, to whom the matter was referred, rendered judgment for the defendants and the plaintiffs appealed. Shortly after the plaintiffs' request for finding and draft finding were filed, and before a finding could be made, Judge Covello died. The plaintiffs' motion for a new trial was denied by the court and that denial has been added as a ground of appeal.

The admitted pleadings of the complaint[1] state that the plaintiffs are the owners of land which was designated to be taken by eminent domain for school purposes. The defendants relevant to this appeal are the town of Newtown, the board of selectmen and the board of education. It is agreed by the pleadings that the board of education, acting for the town of Newtown, caused to be served upon

---

[1] Upon learning of Judge Covello's death, the plaintiffs moved for a new trial, claiming the necessity of a finding. The court denied the motion, but because it appeared that Judge Covello had ruled on the matter of the legality of by-passing the Newtown public building committee in the school site selection process, when such issue was not raised by the original pleadings, the court allowed the plaintiffs to plead further as to this narrow issue, and a seventh count was added to the plaintiffs' complaint. The defendants, in answer to the amended complaint, admitted pleadings which they had previously denied and admitted that the plaintiffs' property was not selected nor approved as a site for the construction of the school by the public building committee.

the plaintiffs' representative a statement of compensation and a notice of taking of their property. The action of the board of education was taken in accordance with General Statutes §§ 48-5, 10-241a, and 8-129 through 8-133, and was authorized by the vote of a town meeting referendum held December 18, 1970. It is also agreed by the pleadings that there existed in the town of Newtown a committee known as the public building committee, and that the plaintiffs' property was not selected nor approved as a site for the construction of an elementary school by the public building committee. Both the ordinance setting forth the powers of the public building committee and the resolution voted at the referendum granting the board of education the power to take the plaintiffs' land are set forth as exhibits attached to the pleadings. These exhibits are part of the record on appeal. *Bonardelli* v. *Liquor Control Commission,* 127 Conn. 708, 710, 16 A.2d 357; Maltbie, Conn. App. Proc. § 319. Both exhibits are admitted by the parties in their pleadings to have been enacted as annexed.

The first matter to be determined is whether the court erred in denying the plaintiffs' motion for a new trial. This depends on whether, as the plaintiffs claim, a finding would be necessary to determine the issues raised by appeal. Section 52-268 of the General Statutes allows a new trial where it is shown that a judge has died, and where "the errors claimed to have been committed are of such a nature as fairly entitle the party appealing to a review of such errors by appeal and a review of the errors so assigned cannot otherwise be had, a new trial shall be granted." The procedures to be followed in making such a motion are outlined in *Zamatha* v. *Harak,* 134 Conn. 480, 58 A.2d 704.

In their motion for a new trial the plaintiffs included issues and claims of error not stated in the request for finding. A fair reading of § 52-268[2] does not indicate that the statute provides a new and independent vehicle for a new and independent trial, but only a means of obtaining a new trial if the errors claimed by a party in its appeal, which are made a part of the motion, or, where not claimed prior to the death or incapacity of the judge, are recited in the motion, are such that "a review of the errors so assigned cannot otherwise be had." The court was not in error in considering only those errors assigned in the request for finding filed previous to the death of the referee.

The request for finding filed December 4, 1972, recited only three questions of law to be reviewed: "1. Did the Court err in concluding that the Town of Newtown could delegate to the Board of Education of Newtown its power of eminent domain for school purposes? 2. Did the Court err in concluding that the Board of Education of Newtown was authorized to exercise powers of eminent domain granted to it by the Town? 3. Did the Court err in overruling the plaintiffs' Claims of Law stated in paragraphs 31–34 of said draft finding?" The first three of these claims of law refer to and are concerned with only the first two questions requested to be reviewed. The fourth claim of law

---

[2] "[General Statutes] Sec. 52-268. NEW TRIAL WHEN JUDGE, STENOGRAPHER OR COURT REPORTER DIES OR BECOMES INCAPACITATED. . . . A statement of errors which it is claimed occurred in the trial of such case shall be made as a part of such motion. Upon the filing of such motion, the court shall hear the same and, if in its opinion the errors claimed to have been committed are of such a nature as fairly entitle the party appealing to a review of such errors by appeal and a review of the errors so assigned cannot otherwise be had, a new trial shall be granted."

states that "[t]he board of education acted arbitrarily and in abuse of its powers in ignoring the recommendations of the Newtown Public Building Committee with regard to potential school sites and in appointing its own site selection committee thus denying to the plaintiffs due process of law." Whether the court should have allowed the additional issue relating to the public building committee need not be determined as the defendants have not excepted to this inclusion.

In view of the admissions in the pleadings and the contents of the two exhibits attached to the pleadings which are not contested by the parties, it is clear that the three issues raised by the appeal are matters of law which this court can rule upon without the presence of a finding. The court was not in error in denying the motion for a new trial.

The first two questions of law raised in the appeal will be considered together in that they concern the power of the town to delegate its power of eminent domain to the board of education and the authority of the board of education to exercise such power of eminent domain granted to it by the town.

On December 18, 1970, a special town meeting voted by referendum to acquire the property of the plaintiffs and to delegate to the board of education the authority and power to acquire the property either by negotiated purchase, or, failing that, to take "all steps necessary to acquire it by the exercise of the Town's power of eminent domain." The resolution also included a recital that school facilities were needed in the western part of the town, that various groups and officers had evaluated possible sites, that another previously selected site had

been turned down by a town meeting referendum, and that the board of education had recommended the plaintiffs' property for reasons recited in the resolution. The plaintiffs admitted that the board of education attempted to negotiate with the trustee plaintiff, acting for the remaining plaintiffs.

Under General Statutes § 10-240, each town is designated a school district. A town has the same power as a school district in taking land for school-houses and other school purposes. General Statutes § 48-5. It is unquestioned that the town of Newtown had the power to condemn land for an elementary school site, and that at the referendum held on December 18, 1970, the town met all the requirements for such a taking, pursuant to § 10-241a of the General Statutes, by fixing the site, finding that the site was necessary, and authorizing a taking if negotiations failed.

It is also unquestioned that although a town has the power to condemn for school purposes, as a municipal corporation it can only act by an agent or by some agency in a taking to carry out its ministerial duties. See *State ex rel. Madigan* v. *County Commissioners,* 124 Conn. 611, 621, 1 A.2d 347; *Waterbury* v. *Macken,* 100 Conn. 407, 409, 124 A. 5; *Donnelly* v. *New Haven,* 95 Conn. 647, 658, 111 A. 897. Further, § 10-241a provides that "[t]he board, committee or public officer empowered to acquire school sites in such school district shall perform all duties and have all rights prescribed for the redevelopment agency in said sections [8-129 through 8-133] with respect to such taking."

The plaintiffs challenge only the delegation of the town's power of eminent domain to the board

of education. They admit that if the power had been exercised by the board of selectmen or by the public building committee it would have been proper and lawful, but they claim that the board of education, as an "agent of the state," cannot act for the town. It is basic that a town board of education is an agent of the state when carrying out the educational interests of the state. *Board of Education* v. *Board of Finance,* 127 Conn. 345, 349, 16 A.2d 601; *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 155, 160 A. 902. However, the members of a board of education are still officers of the town. *Keegan* v. *Thompson,* 103 Conn. 418, 423, 130 A. 707. They are also empowered by General Statutes § 10-220 to "perform all acts required of them by the town." This means all acts which may be lawfully required of them by the town. *State ex rel. Huntington* v. *Huntington School Committee,* 82 Conn. 563, 566, 74 A. 882. Section 10-220 also charges them to "make a continuing study of the need for school facilities and of a long-term school building program." In *Chatfield Co.* v. *Waterbury,* 88 Conn. 322, 327, 91 A. 436, it is stated that the selection and purchase of school sites "are peculiarly within the province of a board of education. It, and it alone of all municipal bodies, possesses a knowledge of present and future educational needs, and has the practical experience in the use of such knowledge." The delegation of power by the town to condemn in its name to the board of education was consistent with the duties of the board of education regarding the educational policy of the state and with its functions directly relating to school facilities. It is certainly a power that the board of education may lawfully exercise where requested by the town meeting to act on behalf of

the town. *Benham* v. *Potter,* 77 Conn. 186, 189, 58 A. 735. The town of Newtown by its referendum had the right and power to delegate its power to condemn to its board of education, and the board of education, in turn, had the authority to exercise such power.

The final issue briefed by the plaintiffs is whether their property can be lawfully acquired as a school site without prior approval of the public building committee of the town of Newtown. The plaintiffs claim in their brief that "appropriation of a site which has been considered and rejected by a public agency whose approval is a prerequisite to the commencement of the building project constitutes a waste of public funds, an abuse of discretion and is contrary to the legislative intent of § 10-291." Only the question of whether the site could have been condemned or appropriated without the prior consent of the building committee will be considered, as the other matters raised are not within the assignments of error and have not been briefed beyond a statement of the claim. *Marra* v. *Kaufman,* 134 Conn. 522, 529, 58 A.2d 736.

General Statutes § 10-291 states that "[n]o school building project shall be undertaken except according to a plan and on a site approved by the town or regional board of education and by the building committee of such town." In examining the definition of a "school building project" in §§ 10-282[3] and

---

[3] "[General Statutes] Sec. 10-282. DEFINITIONS. . . . 'school building project', except as used in section 10-289, means (1) the construction, purchasing, leasing, extension, replacement, furnishing, equipping or major alteration of a building to be used for public school purposes, including the improvement of land therefor, or the improvement of the site of an existing building for public school purposes, but shall not include the cost of a site . . . ."

10-289[4] of the General Statutes, it is clear that reference in § 10-291 to prior approval by the town board of education and by the building committee of such town is not applicable to the purchase or condemnation of a school building site. Whether "building committee" as used in § 10-291 refers to an existing committee or to one created for the purpose of carrying out a particular school building project need not be determined, as the issue under consideration does not involve a school building project as contemplated by § 10-291.

The collateral claim that the ordinance creating the public building committee requires this committee's prior approval of a school building site is not supported by a reading of the ordinance. The ordinance is not exclusive, but permissive. Where the public building committee is empowered to act affirmatively in the taking of options and the purchasing of sites, it must first obtain authorization from a town meeting. Under the ordinance there is no prerequisite to the acquisition of a school site that such site be submitted to or approved by the public building committee. It was within the power of the town meeting to select as a school site a location which was proposed by the board of education and which had not been approved by the public building committee.

There is no error.

In this opinion the other judges concurred.

---

[4] "[General Statutes] Sec. 10-289. ISSUANCE OF BONDS FOR SCHOOL BUILDING PROJECT. As used in this section, 'school building project' means (1) the construction, purchase, extension, furnishing, equipping or major alteration of a building to be used for public school purposes, including the acquisition and improvement of land therefor, with the improvements thereon, if any . . . ."