## DENISE WETZEL ET AL. *v.* GARETH THORNE, COMMISSIONER OF MENTAL RETARDATION (12777)

PETERS, C. J., HEALEY, SANTANIELLO, DUPONT and HADDEN, Js.

Argued February 3—decision released March 17, 1987

*Kathryn Calibey,* with whom was *Andrew S. Groher,* for the appellants (petitioners).

*Patricia Lilly Harleston,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellee (respondent).

PETERS, C. J. The sole issue in this case is whether the trial court abused its discretion in concluding that

the petitioners had failed to establish "reasonable cause" in their petition for a new trial pursuant to General Statutes § 52-270 (a).[1] The petitioners, Denise Wetzel and her father, Donald Wetzel, sought a new trial in order to have a hearing on the merits of their claims against the respondent, Gareth Thorne, commissioner of mental retardation of the state of Connecticut. These claims had been dismissed in a previous Superior Court action, from which no appeal was taken. In the present proceedings, the respondent relied on this failure to take an appeal as a basis for his motion to strike. The motion was granted by the trial court, *Quinn, J.,* and judgment was rendered against the petitioners by the trial court, *Stoughton, J.* The petitioners have appealed. We find no error.

The history of this case is undisputed. The petitioner Denise Wetzel suffered severe burns when, on August 16, 1978, she was accidentally placed in a tub of scalding hot water at the Hartford Regional Center in Newington. To recover damages for these injuries, she and her father first filed a claim with the state claims commission and then, during the pendency of that claim, initiated a suit against the defendant in Superior Court. That suit was dismissed on January 13, 1983, on the ground that General Statutes § 19a-24 (formerly § 19-5a) did not authorize an action against the state without the prior consent of the claims commis-

[1] "[General Statutes] Sec. 52-270. CAUSES FOR WHICH NEW TRIALS MAY BE GRANTED. (a) The superior court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the superior court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action."

sioner.[2] Instead of taking an appeal from the judgment of dismissal, the petitioners continued to pursue their rights with the claims commission.

On August 23, 1983, this court released its decision in *Duguay* v. *Hopkins,* 191 Conn. 222, 464 A.2d 45 (1983). Contrary to the conclusion of the Superior Court in the petitioners' original suit, we held that, in enacting § 19a-24, the legislature had waived the state's sovereign right not to be sued and thus had authorized direct civil actions against the commissioner of mental retardation. Id., 232. Because of our holding in *Duguay,* the claims commission, on September 12, 1983, dismissed the pending claims of the petitioners.

After this administrative setback, the petitioners returned to the Superior Court, seeking a new trial pursuant to § 52-270 (a). That statute authorizes the Superior Court to grant a new trial "for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to

---

[2] General Statutes § 19a-24 provides in relevant part: "Sec. 19a-24. (Formerly Sec. 19-5a). CIVIL ACTIONS AGAINST COMMISSIONERS OF HEALTH SERVICES AND MENTAL RETARDATION, COUNCIL MEMBERS, EMPLOYEES; INDEMNIFICATION OF CERTAIN BOARD MEMBERS AND TRUSTEES. (a) Any civil action for damages on account of any official act or omission of the commissioner of health services or the commissioner of mental retardation or any member of their staffs, any member of the council on tuberculosis control, hospital care and rehabilitation, the council on mental retardation or either of the boards of trustees of the state training schools or any member of any regional advisory and planning council or any superintendent, director, employee or staff member of any chronic disease hospital or state training school or state mental retardation region shall be brought against the commissioners in their official capacities and said commissioners shall be represented therein by the attorney general in the manner provided in chapter 35. Damages recovered in such action shall be a proper charge against the general fund of the state and shall be paid in the manner provided in section 3-117."

appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases . . . . " Relying on the procedural infirmities that had led to the unfortunate dismissal of their claims, both in court and before the claims commission, the petitioners urged the trial court to hold that they had established "reasonable cause" for a new trial. The trial court concluded, however, that this ground was unavailable to the petitioners because of their unexcused failure to appeal the Superior Court's adverse ruling dismissing their original suit against the respondent.[3]

In their present appeal, the petitioners contend that the trial court erred in denying their request for a new trial. The essence of their claim is that they have unjustly been deprived of any forum in which their case can be heard on its merits. They maintain that the authorization of a new trial under § 52-270 (a) "for other reasonable cause" incorporates a broad equitable power to prevent injustice to a litigant. Recognizing that a petition for a new trial is ordinarily not a substitute for an appeal, they argue that their case warrants an exception from this general rule because their failure to appeal was the result of their good faith compliance with a directive of the Superior Court that they should pursue administrative rather than judicial relief. We disagree.

In order to prevail, the petitioners would have to establish that the trial court's denial of their petition for a new trial constituted a clear abuse of its discretion. *Kubeck* v. *Foremost Foods Co.*, 190 Conn. 667, 670,

[3] The respondent's motion to strike included grounds other than a failure to qualify for relief under General Statutes § 52-270 (a), and the trial court ruled in the respondent's favor on these alternate grounds as well. We need not consider the merits of these alternate grounds in light of our holding that the petitioners have failed to state claims cognizable under § 52-270 (a).

461 A.2d 1380 (1983); *Burr* v. *Lichtenheim,* 190 Conn. 351, 355, 460 A.2d 1290 (1983). Our limited scope of review is not expanded by the petitioners' invocation of equitable principles, because equitable relief equally depends upon an exercise of sound discretion by the trial court. *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 392, 488 A.2d 444 (1985); *Berin* v. *Olson,* 183 Conn. 337, 340, 343, 439 A.2d 357 (1981); *Dupuis* v. *Submarine Base Credit Union, Inc.,* 170 Conn. 344, 356, 365 A.2d 1093 (1976).

The petitioners' claim of an abuse of discretion in their case cannot be reconciled with long-standing case law principles that limit the meaning of "reasonable cause" in § 52-270. In *Tilo Co.* v. *Fishman,* 164 Conn. 212, 214–15, 319 A.2d 409 (1972), this court undertook a comprehensive restatement of the relationship between a right of appeal and the right to petition for a new trial. As that case notes, the basic test of "reasonable cause" is whether a litigant, despite the exercise of due diligence, has been deprived of a fair *opportunity* to have a case heard on appeal. *Black* v. *Universal C. I. T. Credit Corporation,* 150 Conn. 188, 194, 187 A.2d 243 (1962); *Wojculewicz* v. *State,* 142 Conn. 676, 678, 117 A.2d 439 (1955); *Dudley* v. *Hull,* 105 Conn. 710, 719, 136 A. 575 (1927). A new trial may be granted "to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." *Krooner* v. *State,* 137 Conn. 58, 60, 75 A.2d 51 (1950). Absent such special circumstances, "[a] petition for a new trial does not furnish a substitute for or an alternative to an ordinary appeal." *Tilo Co.* v. *Fishman,* supra, 215; *State* v. *Grimes,* 154 Conn. 314, 325, 228 A.2d 141 (1966); *Black* v. *Universal C. I. T. Credit Corporation,* supra, 193; *Wojculewicz* v. *State,* supra; *Bishop* v. *Copp,* 96 Conn. 571, 574, 114 A. 682 (1921); *Andersen* v. *State,* 43 Conn. 514, 516 (1876).

Nothing in the record of this case distinguishes its facts from the ordinary case in which a litigant fails to take a timely appeal. As one of the petitioners' trial briefs indicates, they responded to the Superior Court's dismissal of their original suit by making a strategic decision to return to the administrative arena rather than incur the expense of an appeal. We may assume that this decision was made in good faith. Nonetheless, a good faith decision that subsequently turns out to have been misguided does not, in and of itself, demonstrate a lack of opportunity to pursue an alternate course of action. Despite the personal hardship associated with the injuries suffered by the petitioners, we can discern no abuse of discretion in the trial court's conclusion that they have not established "reasonable cause" for a new trial.

There is no error.

In this opinion the other justices concurred.