[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This action seeks to recover damages for severe and permanent injuries sustained by the plaintiff as a result of the negligence and breach of contract by agents or employees of the defendant who were employed at Cedarcrest Hospital, which was owned and operated by the defendant. The complaint alleges that on November 7, 1988 the plaintiff was admitted to Cedarcrest Hospital for the care and treatment of a psychiatric condition and suicidal behavior. It further alleges that documents which were provided to Cedarcrest for the plaintiff's admission indicated that she had previously attempted to commit suicide and she required one-on-one supervision. The staff at Cedarcrest Hospital gave the plaintiff a bathrobe with a bathrobe sash, failed to keep her under constant observation, and the plaintiff hung herself with the bathrobe sash. The hanging caused Susan Wilson to sustain permanent brain damage.
After obtaining permission from the Claims Commissioner, the plaintiff brought this action against the State of Connecticut. The State has moved for summary judgment on the ground that this action is improperly before the court because the Claims Commissioner lacked subject matter jurisdiction to authorize suit against the State.
The State argues that Connecticut General Statutes 4-142
provides that the Claims Commissioner has no jurisdiction over claims in which suit is otherwise authorized by law. Connecticut General Statutes 17-206k (now 17a-550) permits the plaintiff to file suit directly in the Superior Court without need for filing a claim with the Claims Commissioner. The State points out that the plaintiff has filed a separate action pursuant to 17-206k basing her action on the same incident and making the same allegations as in the present action. However, the State neglects to point out that the complaint in this action sounds in negligence and breach of contract, while the complaint in the other action alleges new causes of action CT Page 10411 established by Connecticut General Statutes 17-206b and 17-206c (now 17a-541 and 17a-542) and recognized by the court in Mahoney v. Lensink, 213 Conn. 548, 569 A.2d 518 (1990). According to the court in Mahoney, 17-206c established a cause of action to enforce each public psychiatric facility patient's right to "treatment consistent with good medical practice", and 17-206b created a new cause of action for the violation of certain civil rights. Section 17-206b (now 17a-511) provides:
 No patient hospitalized or treated in any public or private facility for the treatment of the mentally disordered shall be deprived of any personal, property or civil rights, including the right to vote, hold or convey property, and contract, except in accordance with due process of law. . .
Section 17-206c (now 17a-542) provides:
 Every patient treated in any facility for treatment of the mentally disordered shall receive humane and dignified treatment at all times with full respect for his personal dignity and right to privacy. Each patient shall be treated in accordance with a specialized treatment plan suited to his disorder. Such treatment plan shall include a discharge plan which shall include, but not be limited to, (1) reasonable notice to the patient of his impending discharge, (2) active participation by the patient in planning for his discharge and (3) planning for appropriate aftercare to the patient upon his discharge.
Those statutes clearly do not pertain to common law actions for negligence and breach of contract. Mahoney v. Lensink, supra, held that 17-206k (Now 17a-550) constituted a waiver of sovereign immunity only as to causes of action for violation of 17-206b and 17-206c. It did not hold that 17-206k waived sovereign immunity as to common law causes of action such as negligence or breach of contract.
The State relies on Wetzel v. Thorne, 202 Conn. 561, 563,522 A.2d 283 (1987) in support of its argument that this case should be dismissed because it is "otherwise authorized by law." In Wetzel the Claims Commissioner dismissed a negligence claim against the Commissioner of Mental Retardation because CT Page 10412 Connecticut General Statutes 19a-24 authorized direct actions based on negligent conduct against the Commissioner of Mental Retardation. The plaintiff in Wetzel did not need permission to sue under 4-160 because 19a-24 authorized the plaintiff to ring the same action in Superior Court. Here, the suit authorized by the Claims Commissioner is based on negligence and breach of contract. The suit previously filed in Superior Court (Wilson v. Cedarcrest Hospital, No. CV90-0373901S) alleges violation of state and federal civil rights. Therefore, Wetzel v. Thorne is inapplicable.
Based on the foregoing, the Motion for Summary Judgment is denied.
By the Court, Aurigemma, J.