[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion to strike properly addresses the legal sufficiency of a petition for a new trial. Kostak v. Torrington CountryClub, Inc., 5 Conn. L. Rptr. 427 (January 13, 1992, Pickett, J.), citing Miner v. Miner, 137 Conn. 642, 646, 80 A.2d 512
(1951); see also Waskevich v. Devlin, 2 Conn. L. Rptr. 159, 160 (July 30, 1990, Berdon, J.). The court must construe the facts alleged in the light most favorable to the nonmovant.Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992).
The defendant argues that the plaintiffs did not prosecute the prior cases with diligence and, therefore, they are not entitled to a new trial.
The plaintiffs argue that the nonsuit was improper in the first instance as the discovery requests were filed prior to the return date of the second action and, therefore, they are entitled to a new trial on the ground of mispleading or reasonable cause.
 The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of CT Page 6730 the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases.
(Emphasis added.) General Statutes § 52-270(a).
"Mispleading is defined in Black's Law Dictionary 903 (5th Ed. 1979) as. . . `[p]leading incorrectly, or omitting anything in pleading which is essential to the support or defense of an action.'" Bush v. Water Pollution Control, Waterford, Super. Ct., Judicial District of New London at New London, Docket No. 524498 (April 20, 1993, Teller, J.). "Most of the Connecticut cases which are cited as discussing `mispleading' involve the pleading of a legally deficient defense or complaint." Id. "`In order to secure relief [for mispleading] the plaintiffs would have to prove not only that there was mispleading but also that this came about "through fraud, accident or mistake unconnected with any negligence or inattention upon their part."'" Id., quoting DiBlasi v. DiBlasi, 116 Conn. 699, 700,163 A. 473 (1932). The term "mispleading" does not include discovery requests that were filed too early in the litigation.
"Although General Statutes § 52-270 permits the court to grant a new trial upon proof of `reasonable cause', the circumstances in which reasonable cause may be found are limited." Bleidner v. Searles, 19 Conn. App. 76, 78,561 A.2d 954 (1989), citing Wetzel v. Thorne, 202 Conn. 561, 565,522 A.2d 288 (1987).
 [T]he basic test of "reasonable cause" is where a litigant, despite the exercise of due diligence, has be deprived of a fair opportunity to have a case heard on appeal. A new trial may be granted "to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." Absent such special circumstances, "a petition for a new trial does not furnish a substitute for or an alternative to an ordinary appeal."
CT Page 6731
(Emphasis omitted; citations omitted.) Wetzel v. Thorne, supra.
The plaintiffs have not alleged facts showing that they exercised due diligence or that they were prevented from pursuing an appeal. Accordingly, the defendant's motion to strike the petition for new trial is granted.
/s/ Sylvester, J. SYLVESTER