[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PETITION FOR NEW TRIAL
The present civil action is a claim under General Statutes § 52-270 asserting that the plaintiff is entitled to a new trial in a matter previously decided by this Superior Court in a CT Page 3226 civil action instituted in 1986. The parties submitted the 1986 action to the trial court, Spear, J., on cross motions for summary judgment. The trial court entered judgment for the defendant, City of Bridgeport. The case was then appealed to the Supreme Court of the State of Connecticut which affirmed the judgment of the trial court noting that history of the case spaned more than twenty years. Ulichny v. City of Bridgeport,230 Conn. 140, 142 (1994).
The plaintiff describes the fourth amended complaint, upon which the 1986 action was decided as asserting claims for monetary damages and other relief, including relief under §42 U.S.C. § 1983 for the violation of the plaintiff's civil rights under color of law and claiming a "taking" of the plaintiff's property as a result of an alleged "inverse condemnation". The plaintiff claims that the trial court, in the 1986 case, determined not only the existence or nonexistence of factual issues presented in the motion for summary judgment but also went further and decided those factual issues which is contrary to law. The plaintiff further claims that the trial court, in the 1986 case, decided an abuse of process case which was not presented and therefore did not undertake a determination of the plaintiff's inverse condemnation claims.
General Statutes § 52-270, upon which the present case is based, provides, in part, as follows:
 "(a) the superior court may grant a new trial of any action that may come before it, for mispleading, discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or other reasonable cause, according to the usual rules in such cases."
"The function of a court at a hearing for a new trial is to determine whether the evidence presented at the hearing considered with the evidence presented at the original trial warrants the granting of a new trial. That determination is within the sound discretion of the court. . . .The basic question which the trial court has to decide is whether an injustice has CT Page 3227 been done;. . .and whether it is probable that on a new trial a different result would be reached. . . . A petition for a new trial is addressed to the discretion of the trial court and will never be granted except upon substantial grounds.'" Kubeck v.Foremost Foods, Co., 190 Conn. 667, 669 (1983). (Internal quotation marks and citations omitted). "(T)he basic test of `reasonable cause' is whether a litigant, despite the exercise of due diligence, has been deprived of a fair opportunity to have his case heard on an appeal. . . A new trial maybe granted `to prevent injustice' in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident. . . . Absent such special circumstances, `(a) petition for a new trial does not furnish a substitute for an alternative to an ordinary appeal.'" Wenzell v. Thorne, 202 Conn. 561, 565
(1987) (Citations omitted) (Emphasis in original).
A review of the Supreme Court decision in Ulichny v. City ofBridgeport, supra, 230 Conn. 140, answers most of the arguments advanced by the plaintiff in the present action. In that decision, the court notes that the principle issue is whether the actions of the defendant constituted a constructive taking or inverse condemnation of the plaintiff's property (p. 141); that the court was not called upon to interpret a "taking" under either the federal or state constitutions (p. 146); that the plaintiff failed to prove that the defendant acquired "functional equivalent. . . of an interest" in his property (p. 147); and the court affirmed the judgment for the defendant entered by the trial court. The court also noted that the claims that the plaintiff's civil rights were violated under the United States Constitution and 42 U.S.C. § 1983 were abandoned during oral argument (p. 141 n. 3) and that neither the federal or state constitutions were cited in the brief filed by the plaintiff that the court did not read the claims as stating a claim of constitutional dimension (p. 146 n. 11). Therefore it appears that the plaintiff has not been deprived of the "opportunity" to have his case heard on appeal. Similarly, the plaintiff had every "opportunity" to argue before our Supreme Court that the trial court decided questions of fact as opposed to simply determining their existence. It is not the function of this court to determine whether it agrees or disagrees with the pronouncements of our Supreme Court and arguments have advanced by the plaintiff either were or could have been advanced by the plaintiff before our Supreme Court. CT Page 3228
The plaintiff also asserts that he is entitled to a new trial because, on January 6, 1994, a judgment was entered in favor a similarly situation landowner on a jury verdict in Jade AircraftSales, Inc. v. City of Bridgeport. Et Al, B-83-454 (WWE) in the United States District Court for the District of Connecticut. "The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by the preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; (4) it is likely to produce a different result in a new trial." Acherman v. State,202 Conn. 429, 434 91987). The fact that a judgment was entered in another case instituted three years prior to the time the plaintiff instituted his 1986 case, does not satisfy the requirements of a new trial based upon newly discovered evidence.
"The theory underlaying these rules governing the vacating of judgments is the equitable principle that once a judgment is rendered it is to be considered final;. . . and should be left undisturbed by post-trial motions except for good and compelling reason." Steve Viglione Sheet Metal Co. v. Sakonchick,190 Conn. 707, 713 (1983). (Citations omitted).
Accordingly, the petition for a new trial is denied.
RUSH, JUDGE