[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO STRIKE (#102)
The defendant moves to strike the plaintiff s petition for a new trial.
The court has taken judicial notice of the earlier case in which the plaintiff s complaint was dismissed for lack of standing. Presutti v. City of New Britain, Superior Court, judicial district of Hartford-New Britain, at Hartford, Docket No. CV 97 0571790 (M. Hennessey, J. 1/5/98). In that case the plaintiff brought suit on a contract to which he was not a party; after the dismissal he unsuccessfully sought to allege an assignment of the contract to him. CT Page 4102
In this case, the plaintiff's complaint scantily mentions the earlier case, and alleges that he is without reasonable opportunity to prosecute his claim, and that other reasonable cause exists for the granting of a new trial.
Although a new trial is not a substitute for an appeal, an appeal in the earlier case would have been futile. See Wetzel v.Thorne, 202 Conn. 561, 565 (1987) (new trial may be granted "to prevent injustice in cases where the usual remedy by appeal does not lie").
Although the plaintiff alleges the "other reasonable cause" prong of § 52-270 as a basis for a new trial, his claim when viewed in the background of the earlier case seems to be one of mispleading.
In any case, a plaintiff seeking a new trial under § 52-270 must both plead and prove, not only mispleading or other reasonable cause, but also "that this came about through fraud, accident or mistake unconnected with any negligence or inattention upon [his] part." DiBlasi v. DiBlasi, 116 Conn. 699,700 (1933).
As the plaintiff s present complaint is totally devoid of such allegations, it is insufficient as a matter of law to state a claim for a new trial under § 52-270.
Accordingly, the defendant s motion to strike is granted.
Teller, J.