[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S PETITION FOR NEW TRIAL
The plaintiff, Martha E. Bowers, has filed a Petition for a New Trial against The Travelers Insurance Co ("The Travelers"). The Travelers opposes the Petition for the following reasons:
 1. Ms. Bowers' Petition for a New Trial does not allege the existence of new evidence and merely reasserts arguments which she has previously asserted in her original action against The Travelers, from which she took no appeal;
 2. Ms. Bowers has failed to allege sufficient facts to demonstrate that she should be able to raise issues which she could have raised on appeal because she admits that she was aware of her appeal rights.
For reasons set forth below, the court denies the Petition for New Trial.
Background
On May 20, 1991, Ms. Bowers filed a Complaint against The Travelers in which she claimed that her employment as a temporary CT Page 13501 employee was wrongfully terminated on Aug 16, 1990. See MarthaBowers v. The Travelers Insurance Co., CV 91 0395761S, Judicial District of Hartford/New Britain at Hartford. Ms. Bowers represented herself throughout the pendency of that action.
Jury selection commenced on June 2, 1995 and trial commenced in September of 1995 before the undersigned. After Ms. Bowers presented her evidence, the undersigned granted the defendant's Motion for Directed Verdict. Thereafter, Ms. Bowers filed a Motion for New Trial, which was denied by the undersigned on October 10, 1995. Judgment entered in accordance with the directed verdict on October 17, 1995.
Discussion of Law and Ruling
Connecticut General Statutes § 52-270, provides, in pertinent part:
 (a) The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases . . .
In Black v. Universal C.I.T. Credit Corp. , 150 Conn. 188,192-194, 187 A.2d 243 (1962), the Connecticut Supreme Court stated:
 A petition for a new trial under 52-270 is a proceeding essentially equitable in nature. Gonzrenki v. American Steel Wire Co., 106 Conn. 1, 5, 137 A. 26; Palverari v. Finta, 129 Conn. 38, 43, 26 A.2d 229. It is authorized, and its scope is limited, by the terms of the statute.[2] Milestan v. Tisi, 140 Conn. 464, 469, 101 A.2d 504. A plaintiff has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statute, entitle him to a new trial on the grounds claimed. Lancaster v. Bank of New York, 147 Conn. 566, 579, 164 A.2d 392; DeMichiel Bros. v. Sequin, 114 Conn. 736, 737, 159 A. 889. Such a petition for a new trial is CT Page 13502 addressed to the legal discretion of the trial court and will never be granted except on substantial grounds. E.M. Loew's Enterprises, Inc. v. Surabian, 146 Conn. 608, 610, 153 A.2d 463. The statute does not furnish a substitute for, nor an alternative to, an ordinary appeal,[3] but applies only "when no other remedy is adequate" and when in equity and good conscience relief against a judgment should be granted. Carrington v. Holabird, 17 Conn. 530, 537; s.c., 19 Conn. 84, 88; Wooster v. Glover, 37 Conn. 315, 316; Andersen v. State, 43 Conn. 514, 516; Krooner v. State, 137 Conn. 58, 60, 75 A.2d 51; Wojculewicz v. State, 142 Conn. 676, 678, 117 A.2d 439; see Restatement, Judgments 128.
Emphasis added.
Ms. Bowers claims misconduct by the opposing attorneys, and by the undersigned and Judge Michael Sheldon, the fact that she was denied the right to be heard in a meaningful way, failure of the Sheriff's Department to properly serve subpoenas, and tampering with jury records as the main bases of her Petition. The plaintiff did raise the first four bases in her Motion for New Trial dated September 22, 1995. Moreover as early as August 29, 1991 in her Objection to the Defendant's Motion for Protective Order, the plaintiff claimed that the attorneys for The Travelers engaged in improper behavior[1]. Clearly the plaintiff could have raised the first four bases of her present Petition in an appeal.
A petition for a new trial does not furnish a substitute for or an alternative to an ordinary appeal. Tilo Co. v. Fishman,164 Conn. 212, 214, 319 A.2d 409 (1972); Wetzel v. Thorne,202 Conn. 561, 564, 522 A.2d 288 (1987).
With respect to her claim of "tampering with jury records", Ms. Bowers claims that she should have been able to see letters which jurors wrote to attempt to be excused from jury duty. Since the court directed a verdict in this case, juror excuses are completely irrelevant. The jury had no part in deciding Ms. Bowers' case.
The final ground for the present Petition is that Ms. Bowers was prevented by mistake from taking the appeal. Ms. Bowers admits in her memorandum of Law in Support of Petition for a New Trial that the undersigned suggested to her that she take an appeal. However, she declined to do so, allegedly because an CT Page 13503 unnamed attorney advised her that her appeal would not succeed. Where a party is aware of her appeal rights, but makes a strategic decision not to appeal, she may not claim mistake or that she has been denied a fair opportunity to appeal. Wetzel v.Thorne, 202 Conn. 561, 566, 522 A.2d 288 (1987).
For the reasons set forth above, the Petition for a New Trial is denied.
By the court,
Aurigemma, J.