[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court are a number of motions, filed by both parties, presenting an apparent issue of first impression. The parties in this case are Paul Joseph Marsala, the plaintiff and Thomas Groonell and Beverly Groonell, the defendants. This case was tried to a jury in October and November, 1999. The jury returned a plaintiffs verdict. The defendants filed post-trial motions in a timely fashion. Before acting upon the motions, the trial judge, Judge Dorsey, died. Following the death of Judge Dorsey, the defendants moved for a mistrial and for a new trial. The plaintiff objected to the defendants' motions and filed an application for the appointment of a successor judge. Both parties appeared before this court to argue their respective positions.
Although the appellate court has addressed the issue of what to do when a judge dies before rendering a verdict in a court trial, it has never addressed the precise issue of what to do when a trial judge's death follows the rendering and acceptance of a jury verdict but precedes the resolution of post-verdict motions.
 ISSUES IN DISPUTE
The central issue in dispute is whether, upon the death of the trial judge, a successor judge can be appointed to act on the post-verdict motions and to enter judgment on the verdict, or whether a new trial is required. For reasons more fully discussed in this decision, this court holds that the application for the appointment of successor judge to act on the post-verdict motions should be granted and the motion for a new trial should be denied. As will be explained further, the ultimate issue of whether a mistrial is or is not appropriate, is one that must be decided by the successor judge.
 ARGUMENTS OF THE PARTIES
The defendants contend that because the trial judge died before final judgment entered in the case, this court must declare a mistrial and CT Page 13092 order a new trial.[1] In their post-verdict motions the defendants had asserted a number of grounds upon which they claimed entitlement to have the verdict set aside. At least six of those grounds, the defendants maintain, call for the exercise of judicial discretion and require the judgment of the judge who heard the evidence during the trial.[2] It is the defendants' position that it is the exclusive province of the trial judge to determine certain fact-dependent post-verdict legal issues. Otherwise, the defendants claim they are prejudiced by the judgment of a successor judge who is acting more like an appellate court than a trial court. The defendants also rely on the provisions of two sections of the general statutes, §§ 52-268 and 52-270, to support their argument for a new trial.
While not completely opposing the notion that a successor judge will render a decision that is based on the existing record, thus acting, in some ways, like a reviewing, appellate court, the plaintiff opposes the defendants' position that a mistrial and new trial are merited. Rather, the plaintiff argues that there is a provision within the general statutes, which is directly applicable to the instant case and which allows a successor judge to act on the post-verdict issues. That provision, according to the plaintiff found in general statutes §51-183f. allows another judge, upon the death of the original trial judge and upon application of a party, to be granted the authority to proceed with a case, as if the matter had been originally brought before him/her. Regarding the issue of prejudice, the plaintiff points to the mandates of appellate case law, which require that a successor judge review the matter and determine whether or not it may be completed before him/her without prejudice to either party. The plaintiff argues that the post-verdict motions may be handled by a successor judge because they implicate issues of law. And, to the extent that the motions raise factual issues in dispute, for which a determination would prejudice one party, the successor judge is the most appropriate entity to decide this and to decide whether this prejudice mandates the declaration of a mistrial. Further, the plaintiff argues that the defendant's reliance on sections 52-268 and 52-270 is misplaced.
 BRIEF FACTUAL BACKGROUND
This case arises from a motorcylce/motor vehicle collision which took place on June 10, 1995. The plaintiff claimed that as a result of that collision which was caused by the negligence of defendant Thomas Groonell, he sustained many serious and permanent injuries. The case was tried to a jury, before Judge Dorsey, from October 22, 1999 to November 2, 1999. During the trial, approximately ten witnesses took the stand, multiple exhibits were introduced and many evidentiary rulings were rendered by Judge Dorsey. Following their deliberations, the jury CT Page 13093 returned a plaintiffs verdict in the amount of $1,635,000 on November 2, 1999. Judge Dorsey ordered the verdict accepted and recorded. The defendants filed timely post-verdict motions arguing that the verdict should be set aside and that they should be granted a new trial on a number of legal grounds. Simultaneously, the defendants also filed a motion for remittitur. Before conducting a hearing on the motions. Judge Dorsey died. The defendants filed motions for a mistrial and for a new trial based on the death of Judge Dorsey. One week later, the defendants submitted a memorandum of law in support of their position. The plaintiff subsequently made application for the appointment of a successor judge.
 LEGAL DISCUSSION GENERAL STATUTES
General Statutes § 51-183f provides: "If the term of office of any judge of the Superior Court expires during the pendency of any proceeding before him, or if any judge of the Superior Court is retired because of a disability, dies or resigns during the pendency of any proceeding before him, any other judge of that court, upon application, shall have power to proceed therewith as if the subject matter had been originally brought before him."
Section 52-268 (a) of the General Statutes provides: "Any party who intends to appeal or has appealed a final judgement of the superior court, or of a judge thereof, an appeal from which properly lies, may move the court in writing for a new trial if the judge who rendered judgment, or the stenographer or court reporter who took the testimony at the original trial therein if his stenographic notes are not decipherable, has died or become incapable of taking the action necessary for the appeal and the party had complied with the rules relating to the taking of appeals before such death or incapacity." General Statutes § 52-268 (a).
General Statutes § 52-270 (a) provides that "[t]he Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases."
 APPLICABILITY OF THE STATUTORY REFERENCES
CT Page 13094 Section 52-270
Addressing the statutory provisions in reverse order, this court finds that § 52-270 does not mandate the granting of the defendants' motion for a new trial in this case. The defendants argue that the death of Judge Dorsey, while their post-trial motions were pending, constitutes "reasonable cause" for a new trial under § 52-270. Our Supreme Court has stated that "the basic test of "reasonable cause' is whether a litigant, despite the exercise of due diligence, has been deprived of a fair opportunity to have a case heard on appeal." (Emphasis in the original.) Wetzel v. Thorne, 202 Conn. 561, 565, 522 A.2d 288 (1987). "A new trial may be granted to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake, or accident." (Internal quotation marks omitted.) Id.
In the present case, the evidence and arguments were presented to a jury and a verdict was returned. The death of the trial judge does not effect the defendants' ability to appeal, nor does the judge's death prevent the defendants from pursuing an appeal because of fraud, mistake or accident. Therefore, the defendants are not entitled to a new trial based on § 52-270.
 Section 52-268
This court holds that § 52-268 does not apply in this case either, because the case did not go to a final judgment and because an appeal in this matter has not been jeopardized by the death of the trial judge. While it is certainly true, that under some circumstances, the death of a trial judge could mandate the granting of a new trial under this section. such is not the case in the instant matter.
Final judgment in the present case was never rendered because the defendants filed a motion to set aside the verdict. "[T]he acceptance of the jury verdict at the time it is rendered is deemed to constitute a final judgment . . . unless a motion to set aside is later filed." (Citations omitted.) Kolich v. Shugrue, 198 Conn. 322, 327, 502 A.2d 918
(1986); see also Matyas v. Minek, 37 Conn. App. 321, 331, 655 A.2d 1155
(1995). Subsequent to the jury verdict in favor of the plaintiff, the defendants filed a motion to set aside the verdict and for judgment notwithstanding the verdict. Therefore, § 52-268 is inapplicable.Kasarauskas v. McLaughlin, 25 Conn. Sup. 60, 196 A.2d 118 (1963) (holding that § 52-268 was inapplicable where plaintiff moved for a new trial post-verdict and after plaintiff moved to set aside the verdict).
Even assuming, arguendo, that § 52-268 is applicable to this case, CT Page 13095 this court would still deny the defendants' motion for a new trial because the criteria set forth in that section are not met by the facts in this case. "Section 52-268 of the General Statutes allows a new trial where it is shown that a judge has died, and where "the errors claimed tohave been committed are of such a nature as fairly entitle the partyappealing to a review of such errors by appeal and a review of the errorsso assigned cannot otherwise be had, a new trial shall be granted.'"
(Emphasis added) Cheney v. Strasburner, 168 Conn. 135, 137, 357 A.2d 905
(1975).
"A fair reading of § 52-268 does not indicate that the statute provides a new and independent vehicle for a new and independent trial, but only a means of obtaining a new trial if the errors claimed by a party in its appeal. which are made a part of the motion, or where not claimed prior to the death or incapacity of the judge, are recited in the motion, are such that `a review of the errors so assigned cannot otherwise be had.'" Id., 138.
"What § 52-268 allows is a grant of a new trial upon the motion of the petitioning party who, through the death or inability of the trial judge, has lost the opportunity to have placed in the appellate record those rulings that are claimed to be erroneous." Daigle v. Bokon,
Superior Court, judicial district of Waterbury, Docket No. 100120; (January 8, 1993, Barnett, J.) (8 C.S.C.R. 178). "The statute does not apply in situations where the errors complained of appear in the record and therefore can be brought before an appellate court." Id., citingLippitt v. Bidwell, 87 Conn. 608, 612-13 (1914).
The defendants make no claims that the errors complained of do not appear sufficiently in the record. Nor do the defendants argue that a review of those errors is made impossible by the death of the trial judge. Rather, the defendants seem to be arguing that because the post-verdict motions were not decided by the trial judge, they cannot be adequately reviewed by the appellate court, and therefore, they should have a new trial. This is not a proper ground for a new trial under § 52-268. Accordingly, the defendants' motion for a new trial pursuant to General Statutes § 52-268 is denied.
 Section 51-183f
Section 51-183f is directly applicable to the instant case. It provides the procedure to be employed when a judge dies before he/she is able to complete a matter before him/her. Unfortunately, the case law interpreting and applying this section of the law has not yet addressed the factual pattern involving the death of a judge after a jury verdict. Nonetheless, given the clear language of the statute and the construction CT Page 13096 given that section by Connecticut courts, it is clear that § 51-183f
provides the mechanism to resolve the issues in dispute in this case.
The Connecticut courts have construed § 51-183f as giving a successor judge the power to clarify the terms of a judgment or a decision rendered by another judge. Holcombe v. Holcombe,22 Conn. App. 363, 576 A.2d 1317 (1990). The court in Holcombe rejected the argument thatonly the judge who had rendered the judgment was able to clarify the terms of the judgment. The court stated: "We need not dwell on the absurdity of the plaintiff's claim that Judge Tiemey, although deceased, is the only judge empowered to clarify his dissolution orders. If a judge dies during the pendency of any proceeding, any other judge has the statutory authority to proceed as if the matter had originally been brought before him." Id., 365.
The Connecticut courts have also construed § 51-183f as giving a successorjudge the power to render a decision or a judgment when the predecessor judge died after an evidentiary hearing was held, but prior to rendering a decision. Stevens v. Hartford Accident Indemnity Co.,29 Conn. App. 378, 615 A.2d 507 (1992); see also Acker v. Farrah,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 93-0704603 (July 30, 1998, Freed, J.) (A successor judge was appointed to complete a case after the illness of the trial judge who had rendered a partial judgment in the matter prevented him from completing the trial), and Cusmano v. Logiocco, dba Manley Heights Associates,
Superior Court, judicial district of Ansonia-Milford at Milford. Docket No. 041623 (Nov. 6, 1997, Curran, J.) (Where judge died subsequent to the completion of a court trial, but prior to having rendered any decision thereon, a successor judge was appointed who decided that he could properly examine the file and decide the matter upon the record without prejudice to either party). Stevens involved a plaintiff who claimed residency in his father's house and consequently claimed he had standing to compel arbitration on the uninsured motorist portion of an insurance policy held by his father. Id., 379. "The defendant insurance company disputed this issue. An evidentiary hearing was held . . . on October 3 and 4, 1990, and Judge O'Connor took the matter under advisement. Judge O'Connor died without having issued his decision in [the] case. Shortly after Judge O'Connor's death, Judge Arnold W. Aronson, rendered judgment . . . based on an unsigned, handwritten document that was found among Judge O'Connor's papers." Id. The plaintiff appealed and requested that the case be remanded for a new trial. The Appellate Court held that a new trial was not required under the circumstances. Rather, the Appellate Court reversed Judge Aronson's holding only because Judge Aronson reached his decision based on a deceased judge's handwritten notes. The court explained that "as the successor judge . . . [Judge Aronson] had the power to complete the proceedings commenced before Judge O'Connor. . . . CT Page 13097 Because § 51-183f authorizes the successor judge to proceed in the matter as if it had been originally brought before the successor judge, it is incumbent on the successor judge to exercise independent judgment in completing the proceedings. [I]t was Judge Aronson's responsibility to fund the facts and apply the law to those facts. Rather than finding the facts himself Judge Aronson relied on the inchoate findings articulated in Judge O'Connor's draft decision." Id., 383. "[A] successor judge must apply his own judgment to the evidence in order to determine the facts where his predecessor leaves that task incomplete by reason of death." Id., 383-84.
If a successor judge can render a written decision based on evidence heard by a predecessor. surely a successor judge may validly consider post-verdict issues following a jury trial held before his/her predecessor. To have any other result would be illogical.
 PROCEDURE TO BE FOLLOWED BY SUCCESSOR JUDGE
The Stevens court outlined the necessary steps a successor judge should take pursuant to the authority granted by § 51-183f. The court stated that a successor judge should "(1) become familiar with the entire existing record, including, but not necessarily limited to, transcripts of all testimony and all documentary evidence previously admitted; (2) determine, on the basis of such record and any further proceedings as the court deems necessary, whether the matter may be completed without prejudice to the parties; (3) if the court finds that the matter may not be completed without prejudice to the parties it should declare a mistrial, but if the court finds that the matter may be completed without prejudice to the parties then; (4) upon request of any party, or upon the court's own request, recall any witness whose testimony is material and disputed and who is available to testify without due burden; (5) take any other steps reasonably necessary to complete the proceedings; and (6) render a decision based on the successor judge's own findings of fact and conclusions of law." Id., 386.
Applying the Stevens guidelines to the present case, a successor judge would review the existing record and determine first whether he/ she might proceed without prejudicing either party. After this determination, the court would then either declare a mistrial or proceed to decide the post-verdict motions. In deciding the post-trial motions, the successor judge would be guided by the legal standards that apply to those issues. In reviewing the evidentiary decisions to determine whether Judge Dorsey abused his judicial discretion, the successor judge should be guided by the standards applicable to this question. See Stevens v.Hartford Accident Indemnity Co., supra, 29 Conn. App. 386 (permitting a successor judge to render a decision based on an evidentiary hearing CT Page 13098 conducted by the predecessor judge).
Ordinarily, the decisions of a trial court are entitled to great deference.[3] The defendants argue that a successor judge's view would not be entitled to such deference. "Whether or not this argument is meritorious, the proper procedure to apply in this case is to appoint a successor judge to act on the post-verdict issues. This court is not unmindful of the defendants' valid argument that in reviewing the decisions of the trial judge, the successor judge will be acting, in some ways, more like an appellate court than like the original trial court. The appointment of a successor judge mandates, of necessity, a reviewing capacity. This role appears to be contemplated, sanctioned and approved by the language of the statute and the governing case law. Aside from the strong policy reasons for compelling the appointment of a successor judge with the power to act on the unfinished business of a deceased judge, there are powerful legal precedents which require this.
Contemplating the limitations and risks of allowing the appointment of a successor judge, the Appellate Court seems to have addressed the concerns raised by the defendants' argument. It advised courts to look to rule 63 of the Federal Rules of Civil Procedure which "provide[s] proper guidance to our trial courts in both carrying out the mandate of §51-183f and ensuring that no party is deprived of its due process right to a decision by a judge who heard and saw the witnesses." Stevens v.Hartford Accident Indemnity Co., supra, 29 Conn. App. 385, 615 A.2d 507. "Rule 63 seeks to prevent unnecessary expense and delay by allowing completion of a proceeding halted by the death, disability or resignation of the original trial judge. At the same time, it recognizes the risks inherent in a successor judge's determination of the credibility of a witness not seen or heard who is available to be recalled." Id., citing Fed.R.Civ.P. 63, Advisory Committee Note of 1991.
A successor judge, using the guidelines outlined in Stevens, can render a decision on the post-trial issues raised by the defendants. And, contrary to the defendants' arguments, Judge Dorsey is not the only judge capable of deciding the issues. Judge Dorsey's death was subsequent to the completion of the trial itself and to the return of the jury's verdict, but prior to the court's rendering any decision thereon. The jury's fact finding and conclusions, should not be disturbed because of Judge Dorsey's death when a statute provides the appropriate remedy. The fact that a judge or party may disagree with the jury's verdict is not grounds for setting aside the verdict. For. "if there is a reasonable basis in the evidence for the jury's verdict, unless there is a mistake in law or some other valid basis for upsetting the result other than a difference of opinion regarding the conclusions to be drawn from the evidence, the trial court should let the jury work their will." (Internal CT Page 13099 quotation marks omitted.) Wichers v. Hatch, 252 Conn. 174. 189,745 A.2d 789 (2000).
 THE KASARAUSKAS CASE
The defendants cite Kasarauskas v. McLaualin, 25 Conn. Sup. 60,196 A.2d 118 (1963), to support their position that a mistrial is appropriate following the death of the trial judge during the pendency of a motion to set aside. This case would seem to be directly on point, as it involves motions for a new trial, for a mistrial and the appointment of a successor judge following the death of the trial judge and during the pendency of a motion to set aside the verdict.[4] However, the court in Kasarauskas applied an earlier and unamended version of §51-183f which was found in § 51-44. At that time, General Statutes § 51-44 provided that "if the term of office of any judge of the superior court, the court of common pleas or the circuit court expires during the pendency of any proceeding before him, any other judge of that court, upon application, shall have the power to proceed therewith as if the subject matter had been originally brought before him."
The Kasarauskas court held that when a judge died while a motion to set aside the defendant's directed verdict was awaiting decision, the then § 51-44 was not applicable and a new trial was required. In granting a mistrial and assigning the matter for a new trial, the court stated that the statute as written applied only if the term of office of the judge "expires during the pendency of any proceeding before him." Despite the defendant's arguments that Judge Healy's term expired upon his death, the court held that the then § 51-44 did not apply. The court stated: "[T]here is a distinction [between the expiration of a judge's term and death of a judge]. If, for example, the term expires rather than the judge himself, he is still available to certify the transcript — sometimes a very important function in case of a dispute as to what actually occurred." Id., 60-61.
The legislature has since amended 51-183f to include a clause that allows for another judge to have the power to take over a pending matter if the predecessor judge retires because of disability, death, or resignation during the pendency of a proceeding. This amendment to the statute illustrates the legislature's clear intention to provide a statutory provision applicable to instances where a judge dies during his/her handling of a case. Thus, the Kasarauskas court's interpretation of § 51-44 is not applicable to this case.
The legislature, having addressed the very scenario presented inKasarauskas and in this case, made clear that a successor judge must be appointed when the original judge is unable to take a matter to judgment CT Page 13100 due to death. Therefore, § 51-183f governs in this case. Additionally, the case law regarding the appointment of a successor judge mandates that one be appointed in this case who has to power to act on the pending issues.
 LAW IN OTHER JURISDICTIONS
The defendants cite case law from other jurisdictions to support their argument that this court should not allow a successor judge to be appointed in this matter. This case law is neither binding upon, nor useful to this court in deciding this issue. While, in the absence of legal precedence, the citation to law in other jurisdictions might be useful, the legislature and the appellate court in this state have provided sufficient guidance to the courts, that they need not resort to out-of-jurisdiction law, except where such resort has been sanctioned and approved by our appellate courts.
 CONCLUSION
It is the conclusion of this court that the plaintiffs application for the appointment of a successor judge must be granted. This court also concludes that under the present circumstances, a successor judge can examine the entire record, consisting of a complete transcript of all the testimony and the evidence presented and then decide the issues raised by the defendants in their post-trial motions, in accordance with the legal principles outlined in Stevens.
Robinson, J.