Warren B. Schott *v.* Christine Schott
(6592)

Borden, O'Connell and Foti, Js.

Argued December 13, 1988—decision released May 9, 1989

*Patrick G. Eaglin,* for the appellant (defendant).

*Edward W. Manasse,* for the appellee (plaintiff).

O'Connell, J. This is the defendant's appeal in an action for dissolution of a marriage.[1] The dissolution judgment ordered the sale of the marital home and distribution of the proceeds to the parties. The defendant's first three claims of error involve the common theme that the state trial referee, exercising the powers of the Superior Court, erred in ordering the payment of a bank debt, secured by an attachment, as an obligation of the entire marital estate. We find no error. In addition, the defendant asks this court to award her counsel fees expended in pursuit of this appeal.

---

[1] Previously, we denied the plaintiff's motion to dismiss this appeal for lack of jurisdiction. Although he raised the issue again in his brief, we see no reason to modify our earlier decision.

The following facts are necessary to decide this appeal. The original judgment, dated August 5, 1986, ordered, inter alia, that the marital home be sold, and that the proceeds be used to pay encumbrances on the property, as a first priority, and joint debts of the parties, as a second priority. The defendant was to receive three quarters of the balance and the plaintiff was to receive the remaining one quarter.

As the months after judgment passed, it became evident that the parties could not, on their own, effectuate the sale of the jointly owned property. In December, 1986, both parties moved the court for the appointment of a committee. On January 10, 1987, the court, *Maloney, J.*, appointed a committee to take the necessary steps to obtain a buyer and also to report on the joint debts of the parties that were to be paid from the proceeds of the sale.

The committee filed a report with the court on January 29, 1987, detailing the initial actions taken to carry out its duties, and filed a second report March 9, 1987, listing the joint debts of the parties and making recommendations on the proper resolution of each debt. At this point, it became clear that one debt was causing a problem. Prior to the rendition of the dissolution decree, Connecticut National Bank (CNB) had attached the property in connection with a personal loan made solely to the plaintiff. This occurred on June 13, 1986, and a judgment lien was filed on February 10, 1987. The committee found this debt to be an obligation of the plaintiff, to the exclusion of the defendant. The attachment, however, rendered it an encumbrance within the meaning of the memorandum of decision and the committee recommended that it be paid as such.

The court accepted the report and the defendant filed a motion, to clarify the portion of the report concerning the CNB debt as it related to the dissolution judg-

ment. In that motion, she requested the referee to order that this obligation be assumed solely by the plaintiff because the committee found that it was not the defendant's obligation. In response to that motion, the referee unequivocally articulated that "[a]s it is an encumbrance under Paragraph 6 (1) of the judgment, it was to be satisfied under the first priority. It was not to be paid as a joint debt under priority 6 (2). *No provision was made for individual debts*." (Emphasis added.)

The defendant claims that the referee erred in ordering that the CNB attachment be paid as an encumbrance on the entire property and thus holding her liable for a debt it found to belong exclusively to the plaintiff. She contends that that order is contrary to the law of encumbrances. We will decide the issue before us solely on its facts and the law relative to the assignment of property and transfer of title in dissolution actions.

It is well established that General Statutes § 46b-81 confers broad authority and discretion upon the trial court when assigning property in a dissolution action. *Hurtado* v. *Hurtado,* 14 Conn. App. 296, 308, 541 A.2d 873 (1988). On appeal, our scope of review is limited to a determination of whether, in exercising its discretion, the trial court correctly applied the law and could reasonably have concluded as it did. *Little* v. *Little,* 14 Conn. App. 195, 197, 540 A.2d 102 (1988).

Our Supreme Court has held that § 46b-81 authorizes the trial court to require one party to assume the joint liabilities of the parties. *Beede* v. *Beede,* 186 Conn. 191, 196–97, 440 A.2d 283 (1982); *North* v. *North,* 183 Conn. 35, 39, 438 A.2d 807 (1981); *Schmidt* v. *Schmidt,* 180 Conn. 184, 191, 429 A.2d 470 (1980). It follows, therefore, that the statute also authorizes the court to order that the debt of one party be paid from proceeds of a

sale of the marital assets. In addition, the trial court's order concerning the distribution of the balance of proceeds from the sale of the marital home remedies any claim of inequity concerning the payment of the debt. Hence, we are unable to conclude that the trial court abused its discretion.

In her last claim, rather than point to an alleged error of the trial court, the defendant appears to be asking this court to award her attorney's fees, which she has incurred in this appeal. This we cannot do. It is rudimentary that the allowance of counsel fees is within the sound discretion of the trial court; General Statutes § 46b-62; *Miller* v. *Miller,* 16 Conn. App. 412, 417, 547 A.2d 922 (1988); not the Appellate Court. See *Greene* v. *Greene,* 13 Conn. App. 512, 517, 537 A.2d 537, cert. denied, 207 Conn. 809, 541 A.2d 1238 (1988). Hence, the defendant's claim is inappropriate.

There is no error.

In this opinion the other judges concurred.