## SCOTT W. HOLCOMBE *v.* SUSAN S. HOLCOMBE
## (8593)

DUPONT, C. J., SPALLONE, and DALY, Js.

Argued May 7—decision released July 17, 1990

*Lawrence P. Weisman,* with whom, on the brief, was *Laura A. Volpe,* for the appellant (plaintiff).

*John Lackland,* with whom, on the brief, was *Peter A. Nalewaik,* for the appellee (defendant).

SPALLONE, J. This appeal arises from a dispute between the parties over the terms of the property settlement ordered in the judgment of dissolution of their marriage. On the defendant's motion, the trial court

issued an order clarifying the disposition of the proceeds realized from the sale of the marital home. The plaintiff raises several claims on appeal, essentially arguing that the trial court lacked the authority to modify the dissolution judgment or, in the alternative, that the modification was inconsistent with the judgment. We affirm the judgment of the trial court.

The parties' marriage was dissolved by judgment in March, 1988. The state trial referee, *Hon. William L. Tierney, Jr.,* sitting as the trial court, ordered the parties to sell the marital home and to apply the proceeds to the debts specifically listed in the memorandum of decision. Included on the list was a debt of $134,000 then owed as principal, interest and late charges on the home's first mortgage. Also included was a debt of $150,000 owed by the plaintiff as the principal due on a second mortgage secured by his half interest in the home. The plaintiff was awarded a liquidated sum to cover debts separately listed on his financial affidavit, but the parties were to be respectively liable for all other obligations shown on their affidavits and not included in the orders.

After the dissolution, the parties could not agree on who was to pay the interest debt and late charges accruing on the second mortgage. The plaintiff insisted that these payments, like those due on the first mortgage, be borne jointly and paid from the proceeds realized from the sale of the home. The defendant claimed that the second mortgage was solely in the plaintiff's name and that the dissolution orders made the payments a part of the liabilities to be paid personally by the plaintiff. The defendant moved for clarification of the orders in February, 1989, but Judge Tierney postponed consideration of the motion until such time as the home was sold.

The motion was finally argued to the court, *Coppeto, J.,* in the fall of 1989, Judge Tierney having passed away. In its clarification, the court found the dissolution orders to be silent with respect to interest and late charges on the second mortgage. It found, however, that the orders clearly enumerated the specific items to be paid from the proceeds of the home sale. The court concluded that interest and penalties on the second mortgage were not so enumerated, appeared as monthly expenses on the plaintiff's financial affidavit and were therefore obligations personally payable by the plaintiff.

The plaintiff argues on appeal that because a motion for clarification is not recognized under our rules of practice, the clarification order was, in effect, a modification of the dissolution judgment. He claims that the court, therefore, should not have modified the judgment rendered by a different judge and should not have modified a property distribution more than four months after judgment. The plaintiff claims in the alternative that the clarification order misinterpreted the terms of the judgment.

The plaintiff's first two claims attack the trial court's authority to clarify a judgment. We need not dwell on the absurdity of the plaintiff's claim that Judge Tierney, although deceased, is the only judge empowered to clarify his dissolution orders. If a judge dies during the pendency of any proceeding, any other judge has the statutory authority to proceed as if the matter had originally been brought before him. General Statutes § 51-183f. This claim would be without merit even if no matter were pending or even if Judge Tierney were alive to rule on the motion for clarification. There is no requirement that the same judge rule on all matters arising after a dissolution judgment. See, e.g., *Barnard* v. *Barnard,* 214 Conn. 99, 100, 570 A.2d 690 (1990); *Kolkmeyer* v. *Kolkmeyer,* 18 Conn. App. 336, 337, 558 A.2d 253 (1989).

The plaintiff's second claim fails because we do not accept his premise that the motion for clarification was improper. Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper. See, e.g., *Barnard* v. *Barnard,* supra; *Cattaneo* v. *Cattaneo,* 19 Conn. App. 161, 163, 561 A.2d 967 (1989); *Schott* v. *Schott,* 18 Conn. App. 333, 334–35, 557 A.2d 936 (1989); *Miller* v. *Miller,* 16 Conn. App. 412, 415, 537 A.2d 922 (1988).

There is no time restriction imposed on the filing of a motion for clarification. See *Barnard* v. *Barnard,* supra (motion for clarification filed sixteen months after judgment); *Cattaneo* v. *Cattaneo,* supra (motion for clarification filed six and one-half years after judgment). Although a judgment may not be opened or set aside after four months; Practice Book § 326; *Blake* v. *Blake,* 211 Conn. 485, 495, 560 A.2d 396 (1989); under the common law, judgments may be "corrected" at any time. Id., 494.

The defendant's motion for clarification, filed nineteen months after judgment, was therefore timely, and the court had the power to clarify matters not of substance. See id.; *Miller* v. *Miller,* supra, 415–16. We find that no impermissible change was made in the substance of the dissolution orders. The defendant sought only to clarify a perceived ambiguity in the language of the judgment. The trial court agreed that the terms of the judgment were silent as to whether the proceeds of the sale of the marital home should be applied to the carrying costs of the second mortgage. The court's clarification order merely determined that the original judgment intended to make the parties separately responsible for items not specifically listed. The court's determination that these carrying charges were not so specifically listed did not alter the property division or result in a modification of the original judgment.

Finally, we do not agree with the plaintiff that the trial court's clarification order was inconsistent with the term of the dissolution judgment awarding the plaintiff a liquidated sum from the proceeds of the sale of the jointly owned real estate. Court orders in domestic relations cases will not be overturned on appeal unless the court abused its discretion or reached an unreasonable conclusion from the facts presented. *Rostain* v. *Rostain,* 214 Conn. 713, 716, 573 A.2d 710 (1990). Our review of the record fails to disclose that the court's interpretation of the terms of the judgment was an abuse of discretion or unreasonable.

The judgment is affirmed.

In this opinion the other judges concurred.