## PAUL J. MARSALA, JR., ET AL. *v.* THOMAS F. GROONELL ET AL.

Superior Court          Judicial District of      File No. CV960252959S
                        New Haven at Meriden

Memorandum filed October 23, 2000

*McNamara & Goodman* and *Gallagher & Calistro*, for the plaintiffs.

*Ryan, Ryan, Johnson & DeLuca* and *Horton, Shields & Cormier*, for the defendants.

# I

## INTRODUCTION

A. ROBINSON, J. Before this court are a number of motions, filed by both parties, presenting an apparent issue of first impression. The parties in this case are the plaintiffs, Paul J. Marsala, Jr., and Elaine Marsala, and the defendants, Thomas F. Groonell and Beverly Groonell. This case was tried to a jury in October and November, 1999. The jury returned a plaintiffs' verdict. The defendants filed posttrial motions in a timely fashion. Before acting upon the motions, Judge Dorsey, the trial judge, died. Following his death, the defendants moved for a mistrial and for a new trial. The plaintiffs objected to the defendants' motions and filed an application for the appointment of a successor judge. Both parties appeared before this court to argue their respective positions.

Although our Appellate Court has addressed the issue of what to do when a judge dies before rendering a decision in a court trial; see, e.g., *Stevens* v. *Hartford Accident & Indemnity Co.*, 29 Conn. App. 378, 615 A.2d 507 (1992); it has never addressed the precise issue of what to do when a trial judge's death follows the rendering and acceptance of a jury verdict but precedes the resolution of postverdict motions.

# II

## ISSUES

The central issue in dispute is whether, upon the death of the trial judge, a successor judge can be appointed to act on the postverdict motions and to enter judgment on the verdict, or whether a new trial is required. For reasons to be more fully discussed

subsequently in this decision, this court holds that the application for the appointment of a successor judge to act on the postverdict motions should be granted and the motions for a mistrial and a new trial should be denied. As will be explained further, the ultimate issue of whether a mistrial is appropriate, is one that must be decided by the successor judge.

## III

## ARGUMENTS OF THE PARTIES

The defendants contend that because the trial judge died before final judgment entered in the case, this court must declare a mistrial and order a new trial.[1] In their postverdict motions the defendants had asserted a number of grounds upon which they claimed they were entitled to have the verdict set aside. At least six of those grounds, the defendants maintain, call for the exercise of judicial discretion and require the opinion of the judge who heard the evidence during the trial.[2] It is the defendants' position that it is the exclusive province of the trial judge to determine certain fact-dependent postverdict legal issues. Otherwise, the defendants claim, they are prejudiced by the judgment of a successor judge who is acting more like an appellate

[1] The defendants do not seem to object to the plaintiffs' request that a successor judge be appointed. Rather, the defendants argue that the scope of the successor judge's authority should be limited to declaring a mistrial and ordering a new trial.

[2] The defendants argue that they are entitled to have the jury verdict set aside and to a new trial because: the court improperly permitted the plaintiffs' liability expert to express his opinion; the court improperly precluded certain testimony of the defendants' expert; the court improperly refused to excuse one of the members of the venire; the court improperly precluded the defendants from introducing evidence of the plaintiffs' criminal convictions; the plaintiffs' counsel made an improper argument during his closing argument; the amount of the award was excessive; the court failed to instruct the jury on damages for physical injury and future injuries; and, the plaintiffs' negligence should be considered, as a matter of law, to be the proximate cause of the defendants' injuries.

court than a trial court. The defendants also rely on General Statutes §§ 52-268 and 52-270 to support their argument for a new trial.

While not completely opposing the notion that a successor judge will render a decision that is based on the existing record, thus acting, in some ways, like a reviewing, appellate court, the plaintiffs oppose the defendants' position that a mistrial and new trial are merited. Rather, the plaintiffs argue that there is a provision within the General Statutes, directly applicable to the present case which allows a successor judge to act on the postverdict issues. That provision, according to the plaintiffs, found in General Statutes § 51-183f, allows another judge, upon the death of the original trial judge and upon application of a party, to be granted the authority to proceed with a case, as if the matter had been originally brought before him or her. Regarding the issue of prejudice, the plaintiffs point to the mandates of appellate case law, which require that a successor judge review the matter and determine whether it may be completed before him or her without prejudice to either party. The plaintiffs argue that the postverdict motions may be handled by a successor judge because they implicate issues of law. Further, to the extent that the motions raise factual issues in dispute, for which a determination would prejudice one party, the successor judge is the most appropriate entity to decide this and to decide whether this prejudice mandates the declaration of a mistrial. Further still, the plaintiffs argue that the defendants' reliance on §§ 52-268 and 52-270 is misplaced.

IV

BRIEF FACTUAL BACKGROUND

The present case arises from a collision between a motorcycle and a motor vehicle which took place on June 10, 1995. The named plaintiff claimed he sustained

many serious and permanent injuries as a result of that collision, which was allegedly caused by the negligence of Thomas Groonell. The case was tried to a jury, before Judge Dorsey, from October 22 to November 2, 1999. During the trial, approximately ten witnesses took the stand, multiple exhibits were introduced and many evidentiary rulings were rendered by Judge Dorsey. Following deliberations, the jury returned a plaintiffs' verdict in the amount of $1,635,000 on November 2, 1999. Judge Dorsey ordered the verdict accepted and recorded. The defendants filed timely postverdict motions arguing that the verdict should be set aside and that they should be granted a new trial on a number of legal grounds. Simultaneously, the defendants also filed a motion for remittitur. Before conducting a hearing on the motions, Judge Dorsey died. The defendants filed motions for a mistrial and for a new trial based on his death. One week later, the defendants submitted a memorandum of law in support of their position. The plaintiffs subsequently made application for the appointment of a successor judge.

V

LEGAL DISCUSSION

A

General Statutes

General Statutes § 51-183f provides: "If the term of office of any judge of the Superior Court expires during the pendency of any proceeding before him, or if any judge of the Superior Court is retired because of a disability, dies or resigns during the pendency of any proceeding before him, any other judge of that court, upon application, shall have power to proceed therewith as if the subject matter had been originally brought before him."

General Statutes § 52-268 (a) provides: "Any party who intends to appeal or has appealed a final judgment of the Superior Court, or a judge thereof, an appeal from which properly lies, may move the court in writing for a new trial if the judge who rendered judgment, or the stenographer or court reporter who took the testimony at the original trial therein if his stenographic notes are not decipherable, has died or become incapable of taking the action necessary for the appeal, and the party had complied with the rules relating to the taking of appeals before such death or incapacity."

General Statutes § 52-270 (a) provides in pertinent part that "[t]he Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases."

B

Applicability of the Statutory References

1

Section 52-270

Addressing the statutory provisions in reverse order, this court finds that § 52-270 does not mandate the granting of the defendants' motion for a new trial in the present case. The defendants argue that the death of Judge Dorsey, while their posttrial motions were pending, constitutes "reasonable cause" for a new trial under § 52-270. Our Supreme Court has stated that "the basic test of 'reasonable cause' is whether a litigant, despite the exercise of due diligence, has been deprived

of a fair *opportunity* to have a case heard on appeal." (Emphasis in original.) *Wetzel* v. *Thorne*, 202 Conn. 561, 565, 522 A.2d 288 (1987). "A new trial may be granted to prevent injustice in cases where the usual remedy by appeal does not lie or whether, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." (Internal quotation marks omitted.) Id.

In the present case, the evidence and arguments were presented to a jury and a verdict was returned. The death of the trial judge does not effect the defendants' ability to appeal, nor does the judge's death prevent the defendants from pursuing an appeal because of fraud, mistake or accident. The defendants, therefore, are not entitled to a new trial based on § 52-270.

2

Section 52-268

This court holds that § 52-268 does not apply in the present case either, because the case did not go to a final judgment and because an appeal in this matter has not been jeopardized by the death of the trial judge. While it is certainly true, that under some circumstances, the death of a trial judge could mandate the granting of a new trial under this section, such is not the case in the present matter.

Final judgment in the present case was never rendered because the defendants filed a motion to set aside the verdict. "[T]he acceptance of the jury verdict at the time it is rendered is deemed to constitute a final judgment . . . unless a motion to set aside is later filed." (Citations omitted.) *Kolich* v. *Shugrue*, 198 Conn. 322, 327, 502 A.2d 918 (1986); see also *Matyas* v. *Minck*, 37 Conn. App. 321, 331, 655 A.2d 1155 (1995). Subsequent to the jury verdict in favor of the plaintiffs, the defendants filed a motion to set aside the verdict and

for judgment notwithstanding the verdict. Section 52-268, therefore, is inapplicable. *Kasarauskas* v. *McLaughlin*, 25 Conn. Sup. 60, 196 A.2d 118 (1963) (holding § 52-268 was inapplicable where plaintiff moved for new trial postverdict and after plaintiff moved to set aside verdict).

Even assuming, arguendo, that § 52-268 is applicable to the present case, this court would still deny the defendants' motion for a new trial because the criteria set forth in that section are not met by the facts here. "Section 52-268 of the General Statutes allows a new trial where it is shown that a judge has died, *and where 'the errors claimed to have been committed are of such a nature as fairly entitle the party appealing to a review of such errors by appeal and a review of the errors so assigned cannot otherwise be had, a new trial shall be granted.'* " (Emphasis added.) *Cheney* v. *Strasburger*, 168 Conn. 135, 137, 357 A.2d 905 (1975).

"A fair reading of § 52-268 does not indicate that the statute provides a new and independent vehicle for a new and independent trial, but only a means of obtaining a new trial if the errors claimed by a party in its appeal, which are made a part of the motion, or, where not claimed prior to the death or incapacity of the judge, are recited in the motion, are such that 'a review of the errors so assigned cannot otherwise be had.' " Id., 138.

"What § 52-268 allows is a grant of a new trial upon the motion of the petitioning party who, through the death or inability of the trial judge, has lost the opportunity to have placed in the appellate record those rulings that are claimed to be erroneous." *Daigle* v. *Bokon*, Superior Court, judicial district of Waterbury, Docket No. 100120 (January 8, 1993) (*Barnett, J.*) (8 C.S.C.R. 178). "The statute does not apply in situations where

the errors complained of appear in the record and therefore can be brought before an appellate court." Id., citing *Lippitt* v. *Bidwell*, 87 Conn. 608, 612–13, 89 A. 347 (1914).

The defendants make no claims that the errors complained of do not appear sufficiently in the record. Nor do the defendants argue that a review of those errors is made impossible by the death of the trial judge. Rather, the defendants seem to be arguing that because the postverdict motions were not decided by the trial judge, they cannot be adequately reviewed by the Appellate Court and, therefore, they should have a new trial. This is not a proper ground for a new trial under § 52-268. Accordingly, the defendants' motion for a new trial pursuant to § 52-268 is denied.

3

Section 51-183f

Section 51-183f is directly applicable to the present case. It provides the procedure to be employed when a judge dies before he or she is able to complete a matter before him or her. Unfortunately, the case law interpreting and applying this section of the law has not yet addressed the factual pattern involving the death of a judge after a jury verdict. Nonetheless, given the clear language of the statute and the construction given that section by Connecticut courts, it is clear that § 51-183f provides the mechanism to resolve the issues in dispute in the present case.

The Connecticut courts have construed § 51-183f as giving a successor judge the power to clarify the terms of a judgment or a decision rendered by another judge. *Holcombe* v. *Holcombe*, 22 Conn. App. 363, 576 A.2d 1317 (1990). The court in *Holcombe* rejected the argument that only the judge who had rendered the judgment was able to clarify the terms of the judgment. The

court stated: "We need not dwell on the absurdity of the plaintiff's claim that Judge Tierney, although deceased, is the only judge empowered to clarify his dissolution orders. If a judge dies during the pendency of any proceeding, any other judge has the statutory authority to proceed as if the matter had originally been brought before him." Id., 365.

The Connecticut courts have also construed § 51-183f as giving a successor judge the power to render a decision or a judgment when the predecessor judge died after an evidentiary hearing was held, but prior to rendering a decision. *Stevens* v. *Hartford Accident & Indemnity Co.*, 29 Conn. App. 378, 615 A.2d 507 (1992); see also *Acker* v. *Farrah*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 930704603S (July 30, 1998) (*Freed, J.*) (successor judge was appointed to complete case after illness of trial judge who had rendered partial judgment in matter prevented him from completing trial), and *Cusmano* v. *Logiocco*, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 93041623S (November 6, 1997) (*Curran, J.*) (where judge died subsequent to completion of court trial, but prior to having rendered any decision thereon, successor judge was appointed, who decided he could properly examine file and decide matter upon record without prejudice to either party). *Stevens* involved a plaintiff who claimed residency in his father's house and consequently claimed that he had standing to compel arbitration on the uninsured motorist portion of an insurance policy held by his father. *Stevens* v. *Hartford Accident & Indemnity Co.*, supra, 379. "The defendant insurance company disputed this issue. An evidentiary hearing was held . . . on October 3 and 4, 1990, and Judge O'Connor took the matter under advisement. Judge O'Connor died without having issued his decision in [the] case. Shortly after Judge O'Connor's death, Judge Arnold W. Aronson, rendered judgment . . . based on an unsigned, handwritten document that was found among Judge O'Connor's

papers." Id. The plaintiff appealed and requested that the case be remanded for a new trial. The Appellate Court held that a new trial was not required under the circumstances. Id., 384. Rather, the Appellate Court reversed Judge Aronson's holding *only* because Judge Aronson reached his decision based on a deceased judge's handwritten notes. The court explained that "as the successor judge . . . [Judge Aronson] had the power to complete the proceedings commenced before Judge O'Connor. . . . Because § 51-183f authorizes the successor judge to proceed in the matter as if it had been originally brought before the successor judge, it is incumbent on the successor judge to exercise independent judgment in completing the proceedings. . . . [I]t was Judge Aronson's responsibility to find the facts and apply the law to those facts. Rather than finding the facts himself, Judge Aronson relied on the inchoate findings articulated in Judge O'Connor's draft decision." Id., 383. "[A] successor judge must apply his own judgment to the evidence in order to determine the facts where his predecessor leaves that task incomplete by reason of death." Id., 383–84.

If a successor judge can render a written decision based on evidence heard by a predecessor, surely a successor judge may validly consider postverdict issues following a jury trial held before his or her predecessor. To have any other result would be illogical.

## VI

## PROCEDURE TO BE FOLLOWED BY SUCCESSOR JUDGE

The *Stevens* court outlined the necessary steps a successor judge should take pursuant to the authority granted by § 51-183f. The court stated that a successor judge should "(1) become familiar with the entire existing record, including, but not necessarily limited to, transcripts of all testimony and all documentary

evidence previously admitted; (2) determine, on the basis of such record and any further proceedings as the court deems necessary, whether the matter may be completed without prejudice to the parties; (3) if the court finds that the matter may not be completed without prejudice to the parties it should declare a mistrial, but if the court finds that the matter may be completed without prejudice to the parties then; (4) upon request of any party, or upon the court's own request, recall any witness whose testimony is material and disputed and who is available to testify without due burden; (5) take any other steps reasonably necessary to complete the proceedings; and (6) render a decision based on the successor judge's own findings of fact and conclusions of law." Id., 386.

Applying the *Stevens* guidelines to the present case, a successor judge would review the existing record and determine first whether he or she might proceed without prejudicing either party. After this determination, the court would then either declare a mistrial or proceed to decide the postverdict motions. In deciding the posttrial motions, the successor judge would be guided by the legal standards that apply to those issues. In reviewing the evidentiary decisions to determine whether Judge Dorsey abused his judicial discretion, the successor judge should be guided by the standards applicable to this question. See *Stevens* v. *Hartford Accident & Indemnity Co.*, supra, 29 Conn. App. 386 (permitting successor judge to render decision based on evidentiary hearing conducted by predecessor judge).

Ordinarily, the decisions of a trial court are entitled to great deference.[3] The defendants argue that a successor

---

[3] "It is well settled that [t]he trial court's ruling on the admissibility of evidence is entitled to great deference." (Internal quotation marks omitted.) *Gaudio* v. *Griffin Health Services Corp.*, 249 Conn. 523, 546, 733 A.2d 197 (1999). "[T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . [Its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make *every reasonable presumption* in favor of upholding the trial

judge's view would not be entitled to such deference. Whether this argument is meritorious, the proper procedure to apply in the present case is to appoint a successor judge to act on the postverdict issues. This court is not unmindful of the defendants' valid argument that in reviewing the decisions of the trial judge, the successor judge will be acting, in some ways, more like an appellate court than like the original trial court. The appointment of a successor judge mandates, of necessity, a reviewing capacity. This role appears to be contemplated, sanctioned and approved by the language of the statute and the governing case law. Aside from the strong policy reasons for compelling the appointment of a successor judge with the power to act on the unfinished business of a deceased judge, there are powerful legal precedents which require this.

Contemplating the limitations and risk of allowing the appointment of a successor judge, our Appellate Court seems to have addressed the concerns raised by the defendants' argument. It advised courts to look to Rule 63 of the Federal Rules of Civil Procedure which "provide[s] proper guidance to our trial courts in both carrying out the mandate of § 51-183f and ensuring that no party is deprived of its due process right to a decision by the judge who heard and saw the witnesses." *Stevens* v. *Hartford Accident & Indemnity Co.*, supra, 29 Conn. App. 385. "Rule 63 seeks to prevent unnecessary expense and delay by allowing completion of a proceeding halted by the death, disability or resignation of the original trial judge. At the same time, it recognizes the risks inherent in a successor judge's determination of the credibility of a witness not seen or heard who is

court's ruling, and only upset it for a *manifest abuse of discretion.*" (Emphasis in original; internal quotation marks omitted.) Id., 547. "Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) Id.

available to be recalled." Id., citing Fed. R. Civ. P. 63, Advisory Committee Note of 1991.

A successor judge, using the guidelines outlined in *Stevens*, can render a decision on the posttrial issues raised by the defendants; and, contrary to the defendants' arguments, Judge Dorsey is not the only judge capable of deciding the issues. Judge Dorsey's death was subsequent to the completion of the trial itself and to the return of the jury's verdict, but prior to the court's rendering any decision thereon. The jury's fact finding and conclusions, should not be disturbed because of Judge Dorsey's death when a statute provides the appropriate remedy. The fact that a judge or party may disagree with the jury's verdict is not grounds for setting aside the verdict. For, "[i]f there is a reasonable basis in the evidence for the jury's verdict, unless there is a mistake in law or some other valid basis for upsetting the result other than a difference of opinion regarding the conclusions to be drawn from the evidence, the trial court should let the jury work their will." (Internal quotation marks omitted.) *Wichers* v. *Hatch*, 252 Conn. 174, 189, 745 A.2d 789 (2000).

## VII

## RELEVANCE OF *KASARAUSKAS* v. *MCLAUGHLIN*

The defendants cite *Kasarauskas* v. *McLaughlin*, 25 Conn. Sup. 60, 196 A.2d 118 (1963), to support their position that a mistrial is appropriate following the death of the trial judge during the pendency of a motion to set aside. *Kasarauskas* would seem to be directly on point, as it involves motions for a new trial, for a mistrial and for the appointment of a successor judge following the death of the trial judge and during the pendency of a motion to set aside the verdict.[4] The

---

[4] In *Kasarauskas*, the trial court had directed the verdict in favor of the defendant. *Kasarauskas* v. *McLaughlin*, supra, 25 Conn. Sup. 60. The plaintiff moved for a mistrial and a new trial. Id. The defendant moved for the appointment of a successor judge. Id.

court in *Kasarauskas*, however, applied an earlier and unamended version of § 51-183f which was found in General Statutes (1958 Rev.) § 51-44. At that time, General Statutes (1958 Rev.) § 51-44 provided in pertinent part that: "If the term of office of any judge of the superior court, the court of common pleas or the circuit court expires during the pendency of any proceeding before him . . . any other judge of that court, upon application, shall have the power to proceed therewith as if the subject matter had been originally brought before him."

The *Kasarauskas* court held that when a judge died while a motion to set aside the defendant's directed verdict was awaiting decision, the then current version of § 51-44 was not applicable and a new trial was required. In granting a mistrial and assigning the matter for a new trial, the court stated that the statute as written applied only if the term of office of the judge "expires during the pendency of any proceeding before him." (Internal quotation marks omitted.) *Kasarauskas* v. *McLaughlin*, supra, 25 Conn. Sup. 60. Despite the defendant's arguments that Judge Healy's term expired upon his death, the court held that the then current version of § 51-44 did not apply. The court stated "there is a distinction [between the expiration of a judge's term and the death of a judge]. If, for example, the term expires rather than the judge himself, he is still available to certify the transcript—sometimes a very important function in case of a dispute as to what actually occurred." Id., 60–61.

The legislature has since amended § 51-183f to include a clause that allows for another judge to have the power to take over a pending matter if the predecessor judge retires because of disability, death, or resignation during the pendency of a proceeding. Public Acts 1967, No. 218. This amendment to the statute illustrates the legislature's clear intention to provide a statutory

provision applicable to instances where a judge dies during his or her handling of a case. Thus, the *Kasarauskas* court's interpretation of § 51-44 is not applicable to the present case.

The legislature, having addressed the very scenario presented in *Kasarauskas* and in the present case, made clear that a successor judge must be appointed when the original judge is unable to take a matter to judgment due to death. Section 51-183f, therefore, governs in the present case. Additionally, the case law regarding the appointment of a successor judge mandates that one be appointed in the present case who has the power to act on the pending issues.

## VIII

## THE LAW IN OTHER JURISDICTIONS

The defendants cite case law from other jurisdictions to support their argument that this court should not allow a successor judge to be appointed in this matter. This case law is neither binding upon, nor useful to this court in deciding this issue. While, in the absence of legal precedent, the citation to law in other jurisdictions might be useful, the legislature and the Appellate Court in this state have provided sufficient guidance to the courts, that they need not resort to out-of-jurisdiction law, except where such resort has been sanctioned and approved by our appellate courts.

## IX

## CONCLUSION

It is the conclusion of this court that the plaintiffs' application for the appointment of a successor judge must be granted. This court further concludes that, under the present circumstances, a successor judge can examine the entire record, consisting of a complete

transcript of all the testimony and the evidence presented, and then decide the issues raised by the defendants in their posttrial motions, in accordance with the legal principles outlined in *Stevens*.