[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTION TO MEMORANDUM OF DECISION DATED DECEMBER 28, 2000, AND FURTHER ORDERS
This matter comes before the court, post judgment, by way of the defendant husband's ("husband") Motion for Articulation dated January 17, 2001. In addition, the husband has filed a Motion for Reconsideration and Re-Argument as well as a Motion for Extension of Time to File Appeal. The plaintiff wife ("wife") has countered with an Objection to the Motion for Extension. The Memorandum of Decision was dated and filed December 28, 2000. Specifically, the court has been asked to articulate both the "standard of review" utilized by the court in arriving at its decision, as well as the "factual or legal basis" of same, in awarding attorneys fees to the wife.
 LAW
A party seeking the clarification of a court decision must file a motion for articulation directed to the judge who rendered it. However, it is within the discretion of the trial court "to make such correctionsor additions as are necessary for the proper presentation of the issues raised . . . or . . . reserved." Section 66-5 Connecticut Practice Book. (Emphasis added) A motion for articulation, by definition, implies that the court failed to state the basis for its decision on one or more points. However, if upon review of that decision, the court believes that is not the case, but that the decision would otherwise benefit by a clarification and/or correction, it lies within the power of the court to do so, even sua sponte. "Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper."Holcombe v. Holcombe, 22 Conn. App. 363, 366 (1990); Cattaneo v.Cattaneo, 19 Conn. App. 161, 163 (1989); Schott v. Schott,18 Conn. App. 333, 334-35 (1989); Miller v. Miller, 16 Conn. App. 412,415 (1988). Moreover, "under the common law, judgments may be "corrected" at any time." Blake v. Blake, 211 Conn. 485, 494 (1989). Furthermore, it has been long held that a trial court has the general power to enter appropriate orders in order to give effect to its decree. Gentile v.CT Page 2889Ives, 163 Conn. 281, 282, (1972); Murphy v. Murphy, No. 28 37 27 (Dec. 1, 1995) 1995 Ct. Sup. 13390, Page 3427 (Hull, S.T.R.).
 FINDINGS
The court, having reviewed the file, in particular the antenuptial agreement of the parties dated December 5, 1992 (Plaintiff's Exhibit 10) and the amendment thereto dated December 5, 1993 (Defendant's Exhibit J), as well the Memorandum of Decision dated December 28, 2000, hereby finds as follows:
 1. That the decision of the court regarding the award of attorneys fees to the wife, including the legal basis of same, is sufficiently clear and does not require articulation, and that the court directs the husband's attention to Finding #13 on page 10 thereof.
 2. That the Agreement of the parties dated December 5, 1992, provides in part, at Article 5.6 thereof, that "Upon any termination of the marriage, whether by the death of one of the parties or by judicial decree . . . the parties . . . shall divide and distribute anyjointly owned property in proportion to the parties' respective ownership interests therein." (Emphasis added)
 3. That at the time of the parties' separation in February 1998, the wife retained the jointly owned home furnishings.
 4. That at the time of said separation, the marriage had not been terminated by the death of either party or judicial decree.
5. That the marriage was terminated on December 28, 2000.
 6. That the husband did not seek the return or division of said property in his Prayers for Relief dated November 3, 2000, as on file with the court, and that therefore, the husband has waived any claim thereto.
 7. That the wife is therefore not in breach of Articles 5.6 and 10.4 of the Agreement of the parties dated December 5, 1992, however, it is CT Page 2890 within the power of the court to grant equitable relief whether a party has requested it or not, and that the court deems it equitable and appropriate that an adjustment be made in the husband's favor by way of offset. Porter v. Porter, 61 Conn. App. 791, 797-98 (2001).
 8. That, in addition, by way of his Prayers for Relief dated November 3, 2000, as on file with the court, the husband specifically requested that each party "pay their own respective attorneys fees, "and he has, therefor, waived any further claims in this regard.
 ORDER
IT IS HEREBY ORDERED THAT:
1. Defendant's Motion for Articulation is hereby DENIED.
 2. Defendant's Motion for Extension of Time to File Appeal is hereby GRANTED pursuant to Section 66-1 of the Connecticut Practice Book.
 3. Plaintifi's Objection to defendant's Motion for Extension is hereby DENIED.
 4. Defendant's Motion for Reconsideration and Re-Argument shall be placed on the Short Calendar List as soon as practicable pursuant to Sections 11-11
and 11-13 of the Connecticut Practice Book.
 5. The Memorandum of Decision dated December 28, 2000, in particular Finding 12, be CORRECTED by the substitution of the following:
 12. That at the time of their separation in February 1998, the wife retained the jointly owned home furnishings acquired during he marriage, and, in addition, that the husband reduced the family indebtedness by approximately $30,000 (even though the debts were listed in name), and that as an offset, it would be equitable and appropriate for the wife pay to him the sum of $17,500.00 from her share of the net proceeds from the sale of the CT Page 2891 real estate, however, except for this sum, each party should be responsible for the debts as shown on their respective financial affidavits.
 6. In all other respects, the Memorandum of Decision dated December 28, 2000, shall remain in frill force and effect.
THE COURT
SHAY, J.