[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved to have the defendant held in contempt for his failure to pay property taxes of $2,361.33 for the marital residence.
The marriage of the parties was dissolved by the court on April 25, 2001, after trial. The judgment provided that the defendant would vacate the subject property on or before June 15, 2001 and that the property would then be sold. The net proceeds after real estate commissions and closing costs were ordered to be divided eighty percent to the plaintiff and twenty percent to the defendant. The court did not determine a value for the property, but the plaintiff valued it at $350,000.00 and the defendant valued it at $330,000.00. There was no mortgage. Thereafter, on motion of the plaintiff, the parties re-opened the judgment and entered into a stipulation which provided that the husband would transfer his interest in the property to the plaintiff and would receive $73,000.00 upon the transfer. The stipulation reaffirmed the other provisions of the court's judgment. At the time of the transfer, the real estate taxes for the first half of 2001 were unpaid.
The plaintiff had not resided in the property since December, 1998, according to the defendant's motion for exclusive possession filed on October 11, 2000. The defendant was in exclusive possession of the property until June 15, 2001, whether or not he used it as his residence. From the date of service of the complaint on February 22, 2000, both parties were subject to the automatic orders entered in family matters, including an order that the parties not encumber any property and that they not incur unreasonable debts. Connecticut Practice Book, Section 25-5.
The judgment was silent about the parties' debts. The defendant included $2,361.33 for property taxes as a debt on his financial affidavit at the time of trial, while the wife did not include it on hers. Where a judgment is silent about the distribution of a debt, the debts enumerated on a party's financial affidavit are the obligations of CT Page 14741 that party. Holcombe v. Holcombe, 22 Conn. App. 363, 365-66 (1990).
By virtue of the automatic orders, the fact of his exclusive possession of the property, his Proposed Orders, and his financial affidavit, the defendant's debt for real estate taxes was exclusively his debt at the time of the final judgment. The judgment did not change that. The later stipulation concerning the transfer of the house also did not change that because it provided that all other orders of the judgment would remain in effect.
This conclusion is not a re-opening or modification of the judgment, but rather an interpretation of it.
The defendant is ordered to pay the plaintiff the sum of $2,361.33 within fifteen days. The court cannot find that the defendant was in contempt, nor does the plaintiff urge such a finding.
BY THE COURT,
GRUENDEL, J.