[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This memorandum of decision addresses the plaintiff's motion for clarification dated November 9, 2001 (#110). That motion requested clarification of Article 5.3 of the Separation Agreement dated February 9, 2001, relating to distribution of IRAs. This Separation Agreement (the "Agreement") was incorporated by reference in the judgment of the court entered on February 9, 2001.
The court held a hearing on the motion on November 26, 2001, where both parties were present and represented by counsel.
"Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper." Holcombe v. Holcombe,22 Conn. App. 363, 366, 576 A.2d 1317 (1990). "There is no time restriction imposed on the filing of a motion for clarification." Id.
This court has reviewed and considered the testimony, the exhibits and the arguments of counsel.
The court found persuasive the arguments of defendant's counsel that the intent of the parties in the Agreement was to allocate the IRAs based on the account and not a specific dollar amount. The court also found persuasive the testimony of the defendant and the correspondence dated April 6, 2001 (defendant's exhibit 4), June 26, 2001 (defendant's exhibit 2) and July 25, 2001 (defendant's exhibit 1), related to the interpretation of 5.3 of the Agreement.
The Qualified Domestic Relations Order shall be prepared to transfer 100% of the Vanguard Traditional IRA account #9935025067 to Barbara Zimmerman. The Vanguard Roth IRA shall remain the property of the defendant.
Counsel for the husband shall, as soon as possible, prepare the QDRO in CT Page 16372 accordance with this decision.
Cremins, J.