[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTION/CLARIFICATION OF MEMORANDUM OF DECISION
A Memorandum of Decision in this matter was entered by this court on January 10, 2002. The case is presently on appeal. The road to judgment in this now nearly three-year-old case was tortuous and bumpy — approximately one hundred pleadings of various types having been filed. The road since judgment has not improved — some forty motions and pleadings post judgment having been filed to date. The trial itself took place over six non-consecutive days beginning July 24, 2001 and ending August 15, 2001. Subsequent to that date, the Wyoming real estate having been sold, the parties introduced new evidence by way of a Stipulation (#208.10) dated September 24, 2001, in which they advised the court of CT Page 4410 the sale of a major asset and of their agreement to hold the proceeds in escrow. Later, on October 9, 2001, the defendant filed a Motion to Reopen Evidence (#214). On October 22, 2001, and the court ordered that the motion be assigned for a date-certain hearing on November 27, 2001. The parties chose not to go forward with that motion. Accordingly, the courtconsidered the evidence closed as of November 27. 2001.
In the interim, the parties entered into another Stipulation (#217) dated October 11, 2001. This agreement provided inter alia for the disposition of a portion of the escrow proceeds by way of partial distribution to the parties, continued pendente lite alimony, and the payment of certain liabilities, and left to the court the decision to allocate the ultimate responsibility for these debts in its final decree. Based upon the trial testimony and evidence offered therein, aswell as the evidence presented by way of the stipulations of September 24and October 11, the court rendered its judgment in a twenty-four-page Memorandum of Decision on January 10, 2002, three months following the date of the last stipulation and one and one-half months following the close of evidence.
Subsequent to the filing of the Memorandum of Decision, the court assigned several post-judgment motions by each of the parties for a date certain hearing on February 14, 2002. On that date, with both attorneys present, the court denied the wife's Motion for Special Findings (#223) dated January 24, 2002. In addition, the court accorded the attorney for the wife the opportunity to demonstrate that re-argument of the decision was warranted. The court heard both attorneys and thereafter denied as well the wife's Motion to Reargue dated January 30, 2002. However, the court did indicate that it would clarify and/or correct that potion of the Memorandum of Decision dealing with the division of the OSEP I Plan so as to be consistent with the findings and the obvious intention of the court. As to the husband's Motion for Clarification (#225) dated January 14, 2002, the court declined to clarify the Memorandum of Decision with regard to the liability for a joint debt to U.S. Trust Company on the grounds that the relief sought, if granted, would actually result in an impermissible modification of a property distribution. Counsel withdrew that request. However, the court did agree to review the October 11, 2001 Stipulation of the parties in light of the anticipated capital gains tax liability arising out of the sale of the Wyoming property.
 LAW
A party seeking the clarification of a court decision must file a motion for articulation directed to the judge who rendered it. However, it is within the discretion of the trial court "to make such correctionsor additions as are necessary for the proper presentation of the issues CT Page 4411 raised . . . or . . . reserved." Practice Book § 66-5. (Emphasis added) A motion for articulation, by definition, implies that the court failed to state the basis for its decision on one or more points. However, if upon review of that decision, the court believes that is not the case, but that the decision would otherwise benefit by a clarification and/or correction, it lies within the power of the court to do so, even sua sponte. "Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper."Holcombe v. Holcombe, 22 Conn. App. 363, 366 (1990); Cattaneo v.Cattanco, 19 Conn. App. 161, 163 (1989); Schott v. Schott,18 Conn. App. 333, 334-35 (1989); Miller v. Miller, 16 Conn. App. 412,415 (1988). Moreover, "under the common law, judgments may be "corrected" at any time." Blake v. Blake, 211 Conn. 485, 494 (1989). Furthermore, it has been long held that a trial court has the general power to enter appropriate orders in order to give effect to its decree. Gentile v.Tires, 163 Conn. 281, 282, (1972); Murphy v. Murphy, No. 283727 (Dec. 1, 1995) 1995 Ct. Sup. 13390, Page 3427 (Hull, S.T.R.).
 ORDER
BY WAY OF CORRECTION:
Consistent with the Findings of the court, specifically paragraph 12. A., paragraph 8. A. of the court's Order shall be corrected to read as follows:
 A. OSEP 1: Effective as of the date of this Memorandum of Decision, the then balance of the Morgan Stanley OSEP 1 Plan ("Plan") of the husband through his former employer, together with any interest and/or additions accrued thereon as of the actual date of distribution, shall be divided by means of a Qualified Domestic Relations Order ("QDRO") which shall be prepared by the husband's attorney, 59% to the husband and 41% to the wife. The wife and her attorney shall be entitled to any and all information regarding the Plan necessary to review the QDRO, including, but not limited to prior and current balances and prior account activity. No withdrawals, distributions, or transfers shall be made regarding the Plan except as consistent with this order. The Court shall retain jurisdiction to deal with any issues which may arise with regard to the preparation and filing of the QDRO and the division of the Plan. Any attorney fees and costs incurred in the preparation and filing of the QDRO's shall be borne solely by the husband.
BY WAY OF CLARIFICATION:
CT Page 4412
The court reviewed the Stipulation of the parties dated October 11, 2001, and it finds same to be silent with regard to the issue of the responsibility for any state and federal capital gains taxes on the sale of the Wyoming property. Accordingly, it declines to enter any orders allocating responsibility therewith.
In all other respects the Memorandum of Decision dated January 10, 2002, shall remain unchanged and in full force and effect.
THE COURT
 ___________________ SHAY, J.