[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S POST JUDGMENT MOTION TO CLARIFY AND ARTICULATE (No. 147) AND DEFENDANT'S APPLICATION FOR LEGAL FEES
On July 31, 2002, this court rendered a judgment wherein it dissolved these litigants' marriage. The plaintiff has filed a Motion to Clarify and Articulate wherein she has requested that this court "clarify and articulate its orders . . . as follows:
"1. To provide that the plaintiff may refinance the first mortgage and home equity loan on the marital residence without increasing the current debt level and that the defendant cooperate with such refinancing.
"2. To determine who is to pay the parties' joint debts owed to the plaintiffs mother in the amount of $10,000 and the joint VISA card in the amount of $7,146.00 and when payment is to be made.
The defendant has filed a request for reimbursement of the attorney's fees required to defend against this request.
Turning to the first request, the plaintiff's motion for clarification and articulation is simply a disguised request to modify a property distribution. The matter of Holcombe v. Holcombe, 22 Conn. App. 363,576 A.2d 1317 (1990) is instructive. In that case, the plaintiff argued a post-judgment order concerning liabilities from the sale of the former marital home constituted an improper disposition of property. The Appellate Court noted "[m]otions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper. . . . There is no time restriction imposed on the filing of a motion for clarification. . . . Although a judgment may not be opened or set aside after four months . . . under the common law, judgments may be "corrected" at any time." Holcombe, 22 Conn. App. at 366 (internal quotations and citations omitted). Provided there is no change in the CT Page 13241 substance of the property distribution, a trial court is permitted to correct any perceived ambiguity.
This court considered all of the litigants' finances, assets, expenses and liabilities when it rendered its decision. Part of that consideration were the existing mortgages on the marital home. The plaintiffs request could result in a substantial additional encumbrance that would significantly alter the existing property distribution. The court order specifically stated "Neither party shall cause or allow the property to be further encumbered without the consent of the other party." The request to permit refinancing is therefore denied.
The plaintiff also requests articulation and/or clarification regarding two specific debts, a VISA bill and a "loan" from her mother. The final paragraph of this court's judgment provided:
 "Except to the extent more specifically set forth herein, each party shall retain all assets as shown on their respective financial affidavits free and clear of any claim or demand by the other, and each party shall be responsible for all liabilities as shown on their financial affidavits and shall indemnify and hold harmless the other party from liability therefore."
The debts cited by the plaintiff were listed on her separate financial affidavit. They are her sole responsibility.
The defendant's request for attorney's fees is denied.
Judgment shall enter in accordance with the foregoing orders.
JULIA DiCOCCO DEWEY, JUDGE CT Page 13242