[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO REOPEN, REARGUE AND CLARIFY
On August 1, 2002 this court entered an order dissolving the marriage of these litigants. The defendant seeks to reopen, reargue or clarify a number of issues presented in the original memorandum.
This court recognizes that it has no jurisdiction to open a judgment and affect a property assignment except within four months after the original judgment. Clement v. Clement, 34 Conn. App. 641, 645, 643 A.2d 874
(1994); Connecticut General Statutes 52-212a.[1] The defendant's motion was filed in a timely fashion. Furthermore a court has the equitable power to fashion whatever orders are necessary to protect the integrity of an original judgment or order. Roberts v. Roberts, 32 Conn. App. 465,471, 629 A.2d 1160 (1993). Provided there is no change in the substance of the property distribution, a trial court is permitted to correct any perceived ambiguity. Holcombe v. Holcombe, 22 Conn. App. 363, 366,576 A.2d 1317 (1990). Although this court considered each of the defendant's arguments prior to fashioning the original dissolution judgment, this court will address each of the issues presented in order.
1. The defendant requests clarification/re-argument concerning whether there should be an escalation clause for potential additional alimony and child support based upon the possibility that the plaintiff might earn bonus income.
The response is no. The plaintiff's earning capacity was fully considered by this court. Based upon the testimony presented at trial, the court finds that the defendant can file a motion for modification when appropriate.
2. The defendant requests clarification/re-argument concerning the tax dependency deduction for the minor child.
As per the original decision, the plaintiff shall be entitled to claim CT Page 13368 the minor child for tax dependency purposes. However, the plaintiff must be a resident of the United States in order to claim that deduction.
3. The defendant requests clarification/re-argument concerning her responsibility for taxable gain at the time of the sale of the marital home.
Although the marital home was jointly owned at the time of the dissolution, pursuant to this court's orders, the defendant received 100% of the net proceeds from the sale of that home. She should therefore be responsible for 100% of the taxable gain. However, insofar as the plaintiff has relocated permanently to Europe, pursuant to the defendant's request the plaintiff is ordered to file a tax return with respect to the gain and use property exclusion to the federal internal revenue code.
4. The motor vehicle and sailboat listed by the defendant and not claimed by the plaintiff shall be transferred to the defendant.
5. The court considered the question of attorney's fees in its original memorandum of decision. The sanctions imposed at trial adequately addressed the plaintiff's pre-trial conduct.
6. The defendant requests clarification concerning the court's order regarding life insurance.
In its original order, this court provided:
For as long as the plaintiff shall have an alimony or support obligation, he shall cause to have in force and effect a life insurance policy on his own life in the sum of at least $500,000, naming the defendant as the beneficiary thereof as and for trustee for the minor child. The plaintiff shall provide to the defendant satisfactory evidence thereof within thirty (30) days and at such other times as may be reasonably requested by the defendant.
To further clarify that order, the defendant is the beneficiary of the policy, as and for trustee for the minor child, and in her own capacity for so long as there is a child support obligation. Thereafter, the defendant is the beneficiary of that policy for so long as there is an alimony obligation. This court decision does not impact upon the defendant's available remedies should the plaintiff be in contempt of court orders. CT Page 13369
7. Custodial accounts currently controlled by the plaintiff shall be maintained for the benefit of the children of this marriage.
8. Although the defendant requests an order for security to insure the plaintiff's compliance, that request, considered before the entry of the original order, is again rejected
9. The defendant requests clarification and correction of some of the facts recited in the original memorandum of decision. An amended memorandum is attached. This court notes, however, that it cannot consider evidence produced subsequent to the dissolution trial in its reconsideration of the original decision.[2]
10. The minor child shall consent before the plaintiff can visit with his daughter.
Orders shall enter on these motions as herein noted.
DEWEY, J.